R. H. LEWIS v. THE STATE.

No. 23283. Delivered February 13, 1946.
Rehearing Denied (Without Written Opinion) March 20, 1946.

The opinion states the case.

*Gib Callaway,* of Brownwood, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin for the State.

GRAVES, Judge.

Appellant was convicted upon a plea of guilty, and by the court fined the sum of $500.00. He was charged with the possession for the purpose of sale of intoxicating liquor in a dry area.

It is gathered from the facts herein that appellant ran a domino parlor in Brownwood; that the officers raided such place and in a little alcove, where appellant was supposed to have an office and keep his books, they found three pint bottles of whisky, two of them being full, and the third containing a small amount.

The grounds for a new trial being an allegation that appellant was not guilty of the possession of this whisky, and did not know it was there, but that after his arrest and incarceration in the county jail he had an interview with the county attorney who told him that such attorney had evidence that this domino hall was being used as a gambling house, and that whisky was sold there by the drink, and that he could prosecute appellant for these further offenses, and that he, appellant, was thereby persuaded to enter a plea of guilty in order to escape these further prosecutions, expecting to receive the lowest fine of $100.00. He also claimed that the county judge reiterated these statements of the county attorney, and that he merely told such judge that he "guessed he would plead guilty," but never did say positively that he would so plead.

These matters were gone into in the motion for a new trial, and we have the testimony therein present. The conversation with the county attorney and appellant took place in the presence of others, and while it did contain some of the matters alleged in the motion, we are not of the opinion that they transcended the bounds of propriety, nor that they threatened or cajoled or over persuaded appellant into proclaiming his guilt. The proceedings before the county judge were witnessed by others, and such witnesses do not support any contention but that of fair dealing in open court. It was there shown that appellant in-

quired of the court what fine he would assess, and was told by the court that he did not fix any fine until after a plea of guilty was made. Appellant then plead guilty, and seems to be dissatisfied with the amount of the fine. The court testified that the officers had told him what they found only, and appellant had told him about his arrangements in regard to this place of business, and his backing in running the same; that no threats relative to other offenses were made in his presence by anyone; that the court was the judge of the amount of the fine to be assessed.

We do not feel that we would be justified in disturbing this verdict and judgment under the proof here presented.

Appellant attempts to raise another point herein relative to the terms of the county court of Brown County, and the order of the Commissioners' court fixing the same. This is attempted by means of a certificate of the county clerk of such county showing an order relative thereto passed by the commissioners court of such county in the year 1916. This matter was not presented in the court below, and is not in the record from the county court, but merely appears in appellant's brief herein. We cannot take cognizance thereof as same is not a part of the record herein.

The judgment is therefore affirmed.