WILLIAM EDWARD ROBERTSON V. STATE.

No. 30,494. March 18, 1959.
Motion for Rehearing Overruled April 22, 1959.

**36**

DAVIDSON, Judge, dissented.

Appellant represented himself.

*Dan Walton,* District Attorney, *Thomas D. White, Fred M. Hooey,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted as a second offender of unlawfully possessing a narcotic drug and his punishment assessed at confinement in the penitentiary for 40 years.

Officer M. B. Hightower of the narcotic division of the Houston Police Department testified that on the morning in question he went to the 1100 block of West Gray Street in company with two other officers; that while they were parked in their car he saw the appellant get out of his automobile on a street west of apartment where the appellant lived, go to the front of the car and reach under the grill and take out a cigarette package; that appellant then rolled the package in a newspaper, put it under his arm and started walking toward his apartment and while walking the package slipped out of the newspaper and fell on the sidewalk. Officer Hightower testified that he immediately picked up the package and after examining it went to the appellant's apartment where he and his fellow officers executed a search warrant and found a needle and syringe, a piece of cotton and an empty capsule. Officer Hightower further testified that the cigarette package and the articles found in appellant's apartment were taken to the police station and delivered to Chemist Crawford for analysis. Officer Hightower's testimony was corroborated by that of Officer Shelton who was called as a witness by the state.

Chemist Robert F. Crawford of the Houston Police Department testified that he examined the articles delivered to him by Officer Hightower and that his analysis of the contents of the cigarette package showed it contained 1.43 grams of 11.6% heroin, a narcotic drug. He further testified that in his analysis of the other articles he found no narcotics in the syringe or

needle but did find a small amount of heroin on the cotton and capsule.

The state offered in evidence certain records from the files of the Texas Prison system duly authenticated by the record clerk of such institution. Among the records introduced were copies of a judgment and sentence in Cause No. 45,152, styled The State of Texas v. W. E. Robertson, on the docket of Criminal District Court No. 2 of Harris County, dated March 28, 1938, which showed that on such date the defendant therein was convicted of the offense of possession of heroin and assessed punishment at confinement in the penitentiary for two years. In addition to the judgment and sentence a finger print card from the same numbered file of the Texas Prison System was introduced in evidence. Deputy Sheriff Eddie Knowles, whose qualification as an identification expert was stipulated, testified that he had made a comparison of finger prints which he had taken of the appellant and those on the finger print card taken from files of the Prison System and that in his opinion the finger prints on both cards were of the appellant. This method of proving appellant's prior conviction was approved in Stockwell v. State, 166 Texas Cr. Rep. 577, 316 S.W. 2d 742, and cases there cited.

Appellant did not testify but called three character witnesses who testified in his behalf.

The record presents no formal or informal bills of exception and no objections were made to the court's charge.

Appellant, in a brief filed in the cause, pro se, insists that the judgment should be reversed because he was represented at the trial by incompetent counsel. In support of his contention appellant makes certain statements in his brief relative to counsel's representation of him and has attached to his brief certain instruments which were not introduced in evidence at the trial. This court cannot consider statements in briefs purporting to give facts not shown by the record or papers filed with a brief which were not introduced in evidence and were not before the trial court. Fernandez v. State, 131 Texas Cr. Rep. 355, 99 S.W. 2d 308, and Lewis v. State, 149 Texas Cr. Rep. 224, 192 S.W. 2d 889.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

38

DAVIDSON, Judge, (dissenting).

To the proof of prior conviction and identity of this appellant as a second offender by hearsay testimony, I enter my dissent and refer to my dissenting opinion in Davis v. State, No. 30,488, this day delivered, 167 Texas Cr. Rep. 524, 322 S.W. 2d 620, for my reasons therefor.