Warner Dale **BROWN**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 35889.

Court of Criminal Appeals of Texas.

June 5, 1963.

Rehearing Denied June 29, 1963.

Orville A. Harlan, Houston (On Appeal Only), for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Daily and Lee P. Ward, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for robbery by assault with a prior conviction alleged for enhancement; the punishment, life.

Manager Dyess of a food store, while testifying for the state, identified the appellant as one of two men who entered the store about 7:30 P.M., April 17. He stated that appellant "stuck a pistol in his side," ordered him into a booth and struck him on the head with the pistol. Next, the appellant demanded to know where the money was and when told it was in the safe he asked Dyess to open it. In fear of his life or serious bodily injury Dyess opened the safe. The appellant and his companion, George James Cook, removed more than $5,000 in money from the safe and left the store with it, and Dyess saw them driving away in a car from an adjacent parking lot.

On July 10, the appellant and Cook were arrested after an encounter with an officer in which several shots were fired resulting in the appellant being wounded. The proof further shows that an expended cartridge case found on the parking lot adjacent to the store had been fired from the pistol in possession of the appellant at the time of his arrest. Following his arrest, the appellant made and signed a written statement admitting the robbery of the food store and it was introduced in evidence.

The indictment, judgment and sentence in the prior conviction alleged were introduced in evidence. The appellant was identified as the same person convicted in said cause.

Testifying in his own behalf, the appellant denied his participation in the robbery of the food store; and he testified that he signed the written statement because of fear and threats exerted on him by the officers.

The officer to whom the statement was made and those present at the time denied in their testimony that they or anyone in their presence intimidated or threatened the appellant in the making of the statement.

The involuntary character of appellant's written confession as contended by him was properly submitted by the court in its charge to the jury.

 Appellant contends that the alleged prior judgment of conviction was not final and therefore it could not be used for enhancement.

The prior judgment of conviction brought forward in the statement of facts contains all the essential recitations showing a waiver of trial by jury on a plea of guilty before the court to the offense charged in the indictment. It shows that a printed form designed for use in entering either a plea of guilty or not guilty was used in entering said judgment. In striking out the portion of the form applicable to a plea of not guilty before a jury a portion thereof was not deleted. It is evident that a trial was had on a plea of guilty before the court, without a jury. The recitations as to a plea of not guilty in the judgment could have been corrected and reformed on appeal to this court. It is pointed out that no objection was made to the admission of the judgment in evidence on the ground now asserted.

In connection with this contention it is noted that the appellant testified on direct examination as follows:

"Q. Have you ever been convicted of a felony offense in this state or any other state? A. Yes, sir.

"Q. What offense have you been convicted of?

"A. Breaking and entering a motor vehicle.

"Q. Is that the judgment and sentence here that was entered into evidence against you in this case?

"A. Yes, sir.

"Q. Were you guilty? A. Yes, sir.

"Q. Did you plead guilty to that offense?

"A. Yes, sir, I pleaded guilty to it.

"Q. Did you go to the penitentiary for it?

"A. Yes, sir."

The consideration of appellant's contention reveals no error. Art. 847, Vernon's Ann.C.C.P.; Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462; Todd v. State, 170 Tex.Cr.R. 552, 342 S.W.2d 575.

 The evidence is sufficient to support the conviction and the judgment is affirmed.

Opinion approved by the Court.