**Curtis Gale DOBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37014.**

Court of Criminal Appeals of Texas.

June 3, 1964.

Rehearing Denied Oct. 28, 1964.

Orville A. Harlan, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and James I. Smith, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is the unlawful possession of a narcotic drug; the punishment, enhanced by a previous conviction in 1953 for passing a forged instrument and a conviction for burglary in 1956, life.

Officers, searching an apartment under authority of a search warrant, saw the appellant throw a glass jar out the back door; throw a package containing a syringe, a needle and eye droppers, which hit one of the officers and fell to the floor, and drop a plastic package which he was restrained from placing in his mouth.

The package dropped was recovered from the floor and was found to contain eight white tablets, seven of which were shown by the testimony of Chemist McDonald to be isonipecaine, a narcotic drug.

No question is raised as to the legality of the search warrant or as to the sufficiency of the evidence to sustain the finding of the jury that the appellant unlawfully possessed isonipecaine, a narcotic drug.

The state offered in evidence certified copies, from records of the Texas Department of Corrections, of the judgment and sentence in the burglary conviction of 1956 alleged in the indictment, with fingerprints of the defendant serving the sentence.

Also the state offered in evidence, over objection that it was not a final conviction, certified copies from the record of the Texas Department of Corrections, of the judgment and sentence in the 1953 conviction for passing a forged instrument, with fingerprints of the defendant.

The appellant's identity as the defendant in the prior convictions was shown by testimony of an expert witness who compared the fingerprints above mentioned with fingerprints of the appellant taken by him.

■ Appellant's attack upon the judgment in the 1953 conviction for passing a forged instrument is bottomed upon the fact that, in addition to reciting that the court accepted the defendant's plea of guilty and assessed his punishment at 5 years, the portions of the printed form applicable in a plea of guilty before a jury were not deleted leaving this portion of the judgment to read:

"———— and eleven others, was duly selected, empaneled and sexxx xxcording to law, who, having heard the indictment read, and the Defendant's plea of guilty thereto; and hxxxxx heard the evidence submitted and having been duly charged by the Court, retired in charge of the pxxxxx officer, the Defendant being present, and in due form of law returned into open Court the following vxxxxxx which was received by the Court, and is here now enterxxxxx."

In the absence of the jury in the case at bar it was shown that the trial in 1953 was before the court without a jury; that probation was granted as shown in the judgment and was afterwards revoked and sentence pronounced.

We overrule appellant's contention that the conviction for passing a forged instrument alleged in the indictment was not a final conviction available to enhance the punishment. Brown v. State, Tex.Cr.App., 368 S.W.2d 618; Todd v. State, 170 Tex.Cr. R. 552, 342 S.W.2d 575.

■ It is contended that the certified copies of records of the Texas Department of Corrections were not admissible in evi-

dence because the exhibits had been altered and mutilated by the state at the time they were introduced.

As we understand the record, the jury was retired when the exhibits were offered by the state and, upon objection, certain portions of the exhibits were removed and obliterated from them by the court so as to eliminate any reference to convictions other than those alleged in the indictment.

The sole question for the jury, regarding the prior convictions alleged for enhancement purposes, was whether as an historical fact the appellant was the defendant who was convicted in said causes, as alleged. Whether the convictions were valid or void and whether they were final convictions was for the court.

The trial court did not err in finding the convictions shown by the exhibits to be valid final convictions, and the appellant is in no position to complain that portions of the exhibits which were objectionable to him as showing convictions other than those alleged in the indictment were deleted before the exhibits were admitted before the jury.

▪ Appellant's attack upon the court's charge because the jury was told that it is unlawful for any person " * * * to possess, have under *his or her* control, Isonipecaine * * *" is without merit.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Appellant insists that Terry v. State, 149 Tex.Cr.App. 110, 191 S.W.2d 736, supports his contention that the 1953 conviction for passing a forged instrument, used by the state for enhancement, was not a final conviction because the judgment introduced in evidence and reciting that the court accepted his plea of guilty and assessed punishment at five years, contained portions of the printed form applicable to a plea of guilty before a jury which were not deleted.

Terry v. State, supra, is not applicable because, in that case, the sentence pronounced in the prior case used for enhancement failed to include the penalty and was later corrected in a nunc pro tunc proceeding. Here, there was no nunc pro tunc proceeding correcting the judgment.

Under the decisions cited in our original opinion, we remain convinced that the 1953 conviction was shown to be a final conviction and available to the state for the purpose of enhancement.

Appellant now urges, for the first time, that the search of his apartment was illegal because the affidavit for the search warrant did not satisfy the requirements of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, as construed by the Supreme Court of the United States in Aguilar v. State, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 723.

As pointed out in our original opinion, appellant did not challenge the legality of the search warrant. An examination of the record shows that prior to admitting evidence of the search, the search warrant was produced by the state and exhibited to counsel for appellant. After inspecting same, counsel stated to the court that appellant had no objection.

▪ The search warrant was not introduced in evidence and does not appear among the exhibits in the cause. Appellant has attached to his motion for rehearing a purported certified copy of the warrant, prepared by Justice of the Peace W. C. Ragan. We cannot consider such a copy as a part of the record in the case. Robertson v. State, 168 Tex.Cr.R. 35, 322 S.W.2d 620; Lewis v. State, 149 Tex.Cr.App. 224, 192 S.W.2d 889.

▪ The affidavit and search warrant not being a part of the record in the trial court, appellant's petition for a writ of certiorari, directing the clerk to include such instru-

ments in a statement of facts to be forwarded to this court, is denied. Bracken v. State, 29 Tex.App. 362, 16 S.W. 192.

The motion for rehearing is overruled.

Opinion approved by the court.