Theodore Timothy MATULA, Appellant,

v.

The STATE of Texas, Appellee.

No. 38197.

Court of Criminal Appeals of Texas.

May 19, 1965.

J. Lawton Stone, court appointed counsel on appeal only, San Antonio, for appellant.

James E. Barlow, Dist. Atty. John G. Benavides, Raymond A. Wietzel and Earl C. Hill, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary; the punishment, enhanced under Art. 62, Vernon's Ann.P.C., by reason of a prior conviction for an offense of like character, twelve years.

The state's evidence shows that on the night in question, Officer Donald L. McKenzie, of the city of San Antonio, while on routine patrol around 2:36 a. m., discovered that a building occupied by the B. & M. Mattress Company at 1312 South Hackberry, had been broken into and burglarized. Entrance into the building had been gained through a door by prying a hasp therefrom. A safe in the building had been moved from the front office to a back room, where it was lying on its back with the knob knocked off and the door open. Approximately $440, some of which was in an Alamo National Bank money bag, was missing from the safe. A coke machine had been broken into and the money in the machine taken. A coin changer was also missing from the coke machine. An attempt had been made to break into a cookie vending machine.

It was further shown that on the night in question and for some two days before, several officers of the city of San Antonio had occupied an apartment in a certain house in the city, where they observed, and heard conversations between, the appellant and some companions, who varied in number from seven to eight, in an adjoining

apartment. Two of the officers were familiar with appellant's voice and also some of his companions', so as to positively identify them.

On the night in question, the appellant and two of his companions, Floyd Meneley and Gene Kester, were seen by the officers shortly after midnight to drive up in and get out of a Pontiac automobile and go into the adjoining apartment, which was under surveillance. After they had gone inside, a conversation, through the wall, was overheard by the officers, between appellant and his companions about a burglary. In the conversation appellant was heard to say that they "went over a fence and jumped over some mattresses." The sound of tools rattling could be heard. Some money was heard to hit the floor and Meneley said that "getting into this safe was easy, that he had knocked the dial and punched the pin, and then peeled the safe." Kester stated that "it didn't make him sore pushing the safe." The counting of money could be heard and Meneley and Kester were talking about how the money was being split. Between 3 and 5 a. m., Meneley was observed by the officers to leave the apartment with something in his hand and cross over a fence and throw the object into a nearby pond.

It was further shown that between 6:30 and 7 a. m., warrants were secured by the officers for the arrest of appellant and his companions, Meneley and Kester. Around 8 a. m., the officers entered the apartment under surveillance and executed the warrants by placing appellant and his two companions under arrest. Incident to and contemporaneous with the arrest, a search of the apartment was conducted by the officers in which a blue zippered bag containing a large number of burglary tools was found on the living room floor. In the search, approximately $440 in money was found in possession of appellant and his two companions. A bank money bag containing $147.50, similar to the one missing from the safe, was recovered from Kester. The officers also found in the pond where Meneley threw the object into the water a money changer similar to the one taken from the coke machine in the burglary.

In the absence of the jury, an offer was made by the state to stipulate the prior conviction alleged in the indictment for enhancement but appellant refused to enter into such a stipulation and demanded that proof be made of the allegation. In response thereto, the state offered in evidence without any objection from appellant certain authenticated prison records of the Texas Department of Corrections which included photographs, fingerprints, and copies of the judgment and sentence in Cause No. 62,165, styled The State of Texas vs. Theodore Matula, on the docket of the 144th District Court of Bexar County, in which the defendant named therein was convicted in said court of burglary. Proof was made by the testimony of a fingerprint expert that appellant was the person so convicted.

Appellant did not testify but called one witness in his behalf who testified that on the day preceding the burglary he had dinner with the appellant in the city of Galveston at 12 noon and that he last saw him at 3 p. m. in that city.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals and circumstantial evidence.

■ We overrule appellant's contentions that the evidence is insufficient to sustain the conviction.

■ The claim of a fatal variance between the allegation and the proof as to the date of the prior conviction is without merit. The indictment alleged that appellant was previously convicted on the 23rd day of May, 1963. While the copy of the judgment introduced in evidence recited that the trial and conviction was on the 23rd day of May, A.D. *19563*, the sentence introduced in evidence shows that the con-

**266**

viction was on the 23rd day of May, A.D. 1963.

■ The further claim that appellant was not sufficiently identified as the person so convicted is without merit. Officer S. O. Hartman, of the identification bureau of the San Antonio police department, whose qualifications as a fingerprint expert were shown, testified that he took the appellant's fingerprints and compared them with the fingerprints contained in the prison records, and that in his opinion they were made by the same person. His testimony was sufficient to show identification. Robertson v. State, 168 Tex.Cr.R. 35, 322 S.W.2d 620.

■ We also overrule appellant's contention that the introduction in evidence of the records of the Texas Department of Corrections, under the authority of Art. 3731a, Vernon's Ann.Civ.St., constituted a denial of his constitutional rights of cross-examination and confrontation, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States. In Spencer v. State, 164 Tex.Cr.R. 464, 300 S.W.2d 950, it was held that records of the Texas Prison System were properly admitted in evidence over objection that the accused was not allowed to cross-examine the person or persons who took the fingerprints and photographs. Pointer v. State of Texas, 85 S.Ct. 1065, April 6, 1965, cited by appellant, is not here controlling because that case dealt with the denial of the right of an accused to cross-examine and be confronted with a witness whose testimony was being reproduced against him at his trial. Here, only records were introduced.

■ The further contention urged by appellant that reading to the jury the allegation in the indictment of the prior conviction and making proof thereof before the jury had an opportunity to pass upon his guilt or innocence constituted a denial of due process has been by this court rejected. See: Crocker v. State, Tex.Cr. App., 385 S.W.2d 392, and the many cases

there cited. See, also: Breen v. Beto, Fifth Circuit Court of Appeals, 341 F.2d 96; Ex parte Stephens, Tex.Cr.App., 388 S.W.2d 199, cer. denied, Stephens v. Texas, 85 S.Ct. 1344.

We have carefully examined appellant's informal bills of exception and perceive no reversible error.

The judgment is affirmed.

Opinion approved by the court.