**Lee Andrew BROWN, alias James Andrew Green, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40201.

Court of Criminal Appeals of Texas.

April 19, 1967.

Willis S. Carpenter, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Ross Teter, Kenneth E. Blassingame and Kerry P. Fitz-Gerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for unlawfully breaking and entering a motor vehicle, with punishment—enhanced under Art. 63, V.A.P.C., by reason of two prior convictions for felonies less than capital—assessed at life imprisonment.

Trial was prior to January 1, 1966, under the 1925 Code of Criminal Procedure.

It was shown by the state's testimony that on the day in question, when the prosecuting witness, Elex White, went to work at 7 a. m. he parked his 1959 Chevrolet automobile on a service road off the North Central expressway in the city of Dallas. At such time the windows were rolled up and the glove compartment was locked. Later in the day, between 5 and 6 p. m., while Officer Gregory was traveling on the expressway he observed the door of the Chevrolet automobile open and a window broken. He also noticed that "some feet were sticking out of the door." He stopped and went to the vehicle, where he found appellant in an intoxicated condition, lying on the front seat, "propped up on his elbow holding a glass, cleaning some things, and he had his hand in the glove compartment of the car." Some pistol shells and razor blades were in the glass. Appellant was also holding a

pair of dice. Fresh pry marks were on the glove compartment and the lock had been broken. A tire tool and screwdriver were on the front seat.

It was shown by the testimony of the prosecuting witness that he did not give appellant permission to break and enter the automobile and take property therefrom. It was further shown that he did not own the tire tool and screwdriver found in the automobile and that when he parked the vehicle that morning there was a glass in the glove compartment in which were some bullets, razor blades, and a pair of dice.

In proof of the two prior convictions, the state introduced in evidence certain records of Criminal District Courts Nos. 2 and 3 of Dallas County. Also introduced were certain duly authenticated prison records of the Department of Corrections, containing photographs and fingerprints. From such records it was shown that in the years 1956 and 1959 one James Andrew Green was convicted in the two district courts of the felony offenses of burglary. Deputy sheriff James Kitching, whose qualification as a fingerprint expert was shown, testified that he had compared appellant's fingerprints with those in the records of the Department of Corrections, and expressed the opinion that they were made by the same person. Proof was also made that the offense for which appellant was convicted in 1959 was committed after the 1956 conviction and that the primary offense for which he was on trial was committed after the convictions in 1956 and 1959.

Appellant did not testify or call any witnesses whose testimony was material to the issue of his guilt.

In his brief, appellant insists that the court erred in permitting the state to examine its witnesses relative to the tire tool and screwdriver found at the scene (state's exhibits 1 and 2), over his objection that the exhibits were not shown to be connected with the offense.

The record reflects that the prosecuting witness was permitted to testify that the two exhibits were similar to those he observed when he returned to his automobile about 5 p. m. and found appellant in custody of the officers and under arrest.

Officer Gregory identified the two exhibits as the tire tool and screwdriver lying by appellant on the front seat of the car.

We perceive no error, as testimony relative to the finding of burglars' tools at the scene is admissible. Rice v. State, 129 Tex.Cr.R. 52, 83 S.W.2d 964.

Error is urged on the ground that only portions of the exhibits introduced in evidence to prove the two prior convictions were read to the jury. It is insisted that this was prejudicial to appellant's rights. Allen v. State, 150 Tex.Cr.R. 569, 204 S.W. 2d 615, cited by appellant, does not support his contention. We perceive no error.

We overrule appellant's remaining contention that he was not identified as the person convicted in the two prior cases alleged for enhancement.

The testimony of Officer Kitching that he compared appellant's known fingerprints with the fingerprints appearing in the prison records and that they were of the same person was sufficient, under the decisions of this court, to prove appellant's identity as the person previously convicted. Robertson v. State, 168 Tex.Cr.R. 35, 322 S.W.2d 620; Matula v. State, Tex.Cr.App., 390 S.W.2d 263.

Finding the evidence sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed.