**Elgie Lee WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42083.**

Court of Criminal Appeals of Texas.

May 21, 1969.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Allen Stilley, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for felony theft with a prior conviction for felony theft alleged for enhancement; the punishment, ten years.

The appellant's first contention is that an indictment charging theft will not support a conviction for the offense of swindling. In support of his position the appellant insists that the evidence is insufficient to show theft, but if there is proof of an offense, it is swindling.

About 1 p. m., the appellant entered a liquor store operated by Mrs. Cullom. He asked for Mrs. Cullom's boss, Mrs. Lopez Cortez, and said he had eight cases of liquor for her. When told that Mrs. Lopez was not there, the appellant told Mrs. Cullom that the bill was $180.00 and that Mrs. Lopez told him that she (Mrs. Cullom) would pay him. He also told Mrs. Cullom that her car needed to be moved so the truck down the street could deliver the liquor. When Mrs. Cullom told appellant she only had $100 he told her to give it to him and he would make up the balance and Mrs. Lopez could pay him. Mrs. Cullom told the appellant she was going to call Mrs. Lopez before she paid him and placed the money on the cash register, but before she could make the call the appellant took the $100 in money from the cash register and ran from the store while she yelled at him. Mrs. Cullom further testified that she had the care, custody and control of the money and did not give the appellant her consent to take it. The testimony further shows that no one connected with the store had ordered or was expecting the delivery of any liquor at this store by the appellant.

Testifying in his own behalf, the appellant admitted getting the $100 from Mrs. Cullom and stated that she willingly paid him the money. He further testified that the owner of the store had already received the liquor, and he was only supposed to pick up the money for it.

█ It is concluded that the evidence is sufficient to authorize the conviction for the offense of theft as charged and supports the conviction.

The appellant contends that the prior conviction for theft, used for enhancement, was illegal for the reason that he was without counsel and did not waive a jury.

In support of the enhancement allegations of the indictment, the state introduced the authenticated copies of the judgment, sentence, photographs, and fingerprints of the appellant as shown by the records of the Texas Department of Corrections. No objection was made to the admission of these instruments for the reason that the appellant was without counsel and did not waive a jury.

The authenticated copy of the judgment of the prior conviction recites that he was represented by counsel and waived a trial by jury.

█ The appellant undertakes to support his contention by his affidavit attached to his brief. The affidavit recites that he was without counsel and was denied a trial by jury. This Court cannot consider matters not introduced in evidence, which were not before the trial court. 5 Tex. Jur.2d 179, Sec. 115; Robertson v. State, 168 Tex.Cr.R. 35, 322 S.W.2d 620. This ground of error is overruled.

The appellant contends that the evidence is insufficient to show that he is the same person previously convicted as alleged in the indictment for enhancement.

Appellant urges in his brief that his prison made photographs and fingerprints are only for record purposes and his safe keeping and are inadmissible at a subsequent trial unless taken with his consent after warning.

The use of the records of the Texas Department of Corrections including the photographs and fingerprints for comparison in proving a prior conviction of an accused has been approved many times by this Court. Broussard v. State, Tex.Cr. App., 363 S.W.2d 143; Mendez v. State, Tex.Cr.App., 362 S.W.2d 841; Dennison v. State, Tex.Cr.App., 399 S.W.2d 365; De La Rosa v. State, Tex.Cr.App., 414 S.W.2d 668; Washington v. State, Tex.Cr.App., 434 S.W.2d 138. The consent and warning of the appellant to the taking of his prison made fingerprints and photographs were not required in order to authorize their admission in evidence in connection with the properly authenticated records of the Texas Department of Corrections. Art. 3731a, Vernon's Ann.Rev.Civ.St.; Spencer v. State, 164 Tex.Cr.R. 464, 300 S.W.2d 950.

The fourth ground is that: "The Trial Court erred in admitting extraneous offenses to show intent, system, and design."

The intent accompanying the act charged as the offense in this case was an issue in the trial.

The testimony of the other transactions reflects a pattern and mode similar to the one employed in this case. The court limited the testimony to the question of intent. The fourth ground is overruled. 23 Tex.Jur.2d 310, Sec. 201; O'Brien v. State, Tex.Cr.App., 376 S.W.2d 833; McDonald v. State, Tex.Cr.App., 385 S.W.2d 253.

The fifth ground of error is that: "The Courts' charge to the Jury failed to protect the rights of the Defendant."

The foregoing statement is too general in that it fails to point out to the trial court any specific complaint to any part of the court's charge. It does not meet the requirements of Art. 40.09(9), Vernon's Ann.C.C.P. Ash v. State, Tex.Cr.App., 420 S.W.2d 703.

The judgment is affirmed.