Morris **TINSLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43333.

Court of Criminal Appeals of Texas.

Dec. 16, 1970.

Rehearing Denied Jan. 27, 1971.

---

Melvyn Carson Bruder, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for felony theft of a lawn mower with the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., being assessed at life.

At the outset the appellant challenges the sufficiency of the evidence to sustain the conviction.

On April 14, 1969, off duty Dallas Police Officer Barney Eatons, while shopping at a Sears Roebuck store in Dallas, had his attention called to the appellant who was wearing heavy black gloves and walking through the store at a brisk pace looking up and down the aisles. The officer observed the appellant leave the store, enter a white Buick car and drive off. Within a few minutes Eatons saw the appellant drive back onto the parking lot and park near a portable building where Sears displayed for sale its lawn equipment. Appellant was then seen to enter such building and emerge therefrom carrying a lawn mower which he took to his car and placed in the trunk.

Appellant then backed three to five feet out of the parking slot at which time Eatons and store security officer Mobley approached him and asked for a sales receipt for the lawn mower. When he did not produce a receipt the officers got the appellant out of his car, but the appellant broke and ran and was apprehended after a chase.

Eatons subsequently observed that appellant's car bore a red and white "buyer's tags" on the rear and a cardboard tag with penciled in numbers covering the official license plate on the front of the car, which were shown to have been issued to the appellant.

W. H. Walker, manager of the Sears store, testified the lawn mower in question was under his care, custody and control, and that he did not give his consent to the appellant to take the same. He testified the value of such lawn mower in Dallas County was $89.99.

■ It is appellant's position that the evidence fails to show a completed theft but at most reflects "an attempt to commit the offense of theft" and that such is not an offense. Senter v. State, Tex. Cr.App., 411 S.W.2d 742.

We do not agree.

Article 1410, V.A.P.C., provides that "'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value

of the same, and to appropriate it to the use or benefit of the person taking."

Article 1412, V.A.P.C., provides:

"To constitute 'taking' it is not necessary that the property be removed any distance from the place of taking; it is sufficient that it has been in the possession of the thief, though it may not be moved out of the presence of the person deprived of it; nor is it necessary that any definite length of time shall elapse between the taking and the discovery thereof; if but a moment elapse, the offense is complete."

In the case at bar the appellant carried the lawn mower from the building where it was on display to his car and placed it in the trunk and was departing in the car when he was stopped. Clearly the evidence shows he exercised sufficient dominion and control over the item to support a conviction for theft. Masters v. State, Tex.Cr.App., 437 S.W.2d 868; Esparza v. State, Tex.Cr.App., 367 S.W.2d 861; Bryant v. State, 122 Tex.Cr.R. 385, 55 S.W.2d 1037.

■ In this same connection appellant also urges the evidence is insufficient "to show the fair market value of the item allegedly taken."

W. H. Walker testified that the lawn mower in question sold for "$89.99"; that the fair market value of the same in Dallas County on the date in question was "89.99." On cross-examination the witness was asked:

"Q. Could you give me an idea of the average prices of individual items in there? (the portable building where the lawn equipment was kept)

"A. I would say they would run between 69 and $500.00."

When the witness was recalled for further cross-examination he was asked:

" * * * You have testified that this item sold for 89 99, is that correct?

"A. Yes.

"Q. And this is a fair market, retail value at the Sears store on Jefferson Avenue on the day in question?

"A. Yes, sir.

*  *  *  *  *  *

"Q. Do you know, sir, what the wholesale value of that lawn mower is?

*  *  *  *  *  *

"A. It would be 58 70 plus freight.

"Q. 58 70 plus freight; that's your store's cost?

"A. Yes."

■ We view the record sufficient to reflect the fair market value of the lawn mower in question was over the value of $50.00 as alleged in the indictment. This court has held that if the manner of proving value did not meet with the approval of the defendant, it was incumbent upon him to voice his objection at the time of the introduction of the testimony. Larkin v. State, 157 Tex.Cr.R. 284, 248 S.W.2d 134; Morris v. State, Tex.Cr.App., 368 S.W.2d 615; Ward v. State, Tex.Cr. App., 446 S.W.2d 304. No such objection was made nor was the probative value of the testimony relating to value questioned in the trial court. We conclude the evidence was sufficient to support the jury's verdict finding appellant guilty of felony theft.

■ Next appellant complains the State was allowed to elicit statements allegedly made by the appellant after arrest and prior to any warnings having been given. Appellant's first objection was to the State's mere inquiry before the jury as to whether there had been such a conversation. The question did not relate to the substance of the conversation. After several sidebar remarks the jury was

retired and the court heard the conversation sought to be offered and ruled the same admissible as part of the res gestae. Nevertheless, the State withdrew the offer and the statements were not admitted before the jury. No error is presented.

■ The appellant also contends the court erred in admitting evidence of an extraneous offense—to wit: use of a license plate as a tag other than that lawfully assigned to such vehicle. See Article 812, V.A.P.C. First, we observe that the testimony as to the discovery of the cardboard tags on appellant's car was admitted before there was any objection. Further, "[p]roof of the circumstances surrounding the commission of an offense which form a part of the occurrence are admissible." Ross v. State, 160 Tex.Cr.R. 313, 334 S.W.2d 174.

■ It is well settled that "[w]here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper." 4 Branch's Ann.P.C., 2d ed., Sec. 2255, p. 618. See also 23 Tex.Jur.2d, Sec. 196, p. 302; Taylor v. State, Tex.Cr.App., 420 S.W.2d 601; Cook v. State, Tex.Cr.App., 398 S.W.2d 284; Fuller v. State, Tex.Cr. App., 380 S.W.2d 619. The contention is without merit.

■ Appellant takes the position that the two prior convictions alleged were void and unavailable for enhancement. This contention is based on the fact that the certified copies of the sentences in both convictions fail to reflect affirmatively that appellant was represented by counsel.

The certified copies of the judgment in each case recite the appellant appeared in person, "his counsel also being present" and, after being admonished by the court of the consequences of his plea, entered his plea of guilty before the court. In each case the sentence was pronounced the same day as the judgment.

Under these circumstances, Gutierrez v. State, Tex.Cr.App., 456 S.W.2d 84, is directly contrary to appellant's contention. There this court said:

"The recitation in the judgments that appellant was represented by counsel is binding upon him in the absence of direct proof to the contrary. It would be unlikely for appellant to have had counsel at the time of the judgment and not at the time of the sentence when both were on the same day after a plea of guilty had been entered and the time allowed for filing a motion for new trial waived. In such cases the trial is usually in one proceeding.

"Under such facts, absent a showing to the contrary, it will be presumed that appellant had counsel when he was sentenced."

Even when the appellant testified at the penalty hearing there was no attempt made to show he was without counsel at the sentencing stage of the two prior trials.

No error is presented.

■ Appellant makes the further complaint that officer Gunn who testified at the penalty stage of the trial was not properly qualified as an expert on fingerprints. Gunn, a graduate of the Institute of Applied Science, who had had in-service training with the Dallas County Identification Bureau, related he had been an identification officer for Dallas County for seven years making between 25 and 100 fingerprint comparisons daily. In light of this testimony, the court did not abuse its discretion in holding Gunn qualified to testify as a fingerprint expert. Harrington v. State, Tex.Cr.App., 424 S.W. 2d 237; Xanthull v. State, Tex.Cr.App., 403 S.W.2d 807; Stevenson v. State, Tex. Cr.App., 395 S.W.2d 626; Matula v. State, Tex.Cr.App., 390 S.W.2d 263; Todd v. State, 170 Tex.Cr.R. 552, 342 S.W.2d 575. Cf. Robertson v. State, 168 Tex.Cr.R. 35, 322 S.W.2d 620. See also Moses, "Scientific Proof in Criminal Cases—A Texas Law-

yer's Guide," Sec. 7.06, p. VII–8. Still further, Gunn's testimony was utilized to show the appellant was one and the same person so previously convicted as alleged in the indictment. When appellant took the stand he admitted the alleged convictions. We perceive no error.

The judgment is affirmed.