**A. B. DeLUNA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45264.**

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Glenn B. Lacy, J. Kenneth Brewer, San Antonio, for appellant.

Ted Buter, Dist. Atty., Charles Roberts and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is driving a motor vehicle over the value of $200.00 without the owner's consent; the punishment, three (3) years.

Appellant's sole contention is "that the State failed to prove the automobile was over the value of Two Hundred ($200.00) Dollars by legal and competent evidence".

The owner of the automobile testified without objection that he purchased the automobile three months before the theft for about $495.00 and that in his opinion the fair cash value of his car on the date of the theft was about $350.00.

In Tinsley v. State, Tex.Cr.App., 461 S. W.2d 605, we said:

"We view the record sufficient to reflect the fair market value of the lawn mower in question was over the value of $50.00 as alleged in the indictment. This court has held that if the manner of proving value did not meet with the approval of the defendant, it was incumbent upon him to voice his objection at the time of the introduction of the testimony. Larkin v. State, 157 Tex.Cr.R. 284, 248 S. W.2d 134; Morris v. State, Tex.Cr.App., 368 S.W.2d 615; Ward v. State, Tex. Cr.App., 446 S.W.2d 304. No such

objection was made nor was the probative value of the testimony relating to value questioned in the trial court."

We have examined appellant's pro se brief and conclude it contains no additional grounds of error which merit discussion.

Finding no reversible error, the judgment is affirmed.