**Melvin CURTIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46569.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Rehearing Denied Oct. 31, 1973.

**479**

OPINION

QUENTIN KEITH, Commissioner.

Appellant was indicted as a habitual criminal and charged with the offense of felony shoplifting under the provisions of Art. 1436e, Sec. 4(d), Vernon's Ann.P.C.[1], and the jury found him guilty of the primary charge. At the punishment stage of the trial, the court found him to be the same person who had twice previously been convicted of felonies as alleged in the indictment. Punishment was set at confinement for life, pursuant to Art. 63, V. A.P.C.

Barbara Spoonemoore, a store detective employed by Globe Discount Center in Houston, testified that she saw appellant walking down a back aisle in the store pushing or shoving a case of cigarette cartons with his feet. He was going from the area in which the cigarettes were displayed for sale but when he reached an area used for the display of Christmas card boxes and other merchandise, he reached down and placed the case of cigarettes on a shelf with the Christmas cards, etc. He then left the store for a moment and walked to an outside telephone booth on the parking lot; but, according to Miss Spoonemoore, he did not use the telephone. He returned to the store and walked to where he had left the case of cigarettes. He bent down as if to get a drink of water from a fountain near where he had placed the cigarettes, looked around, and then reached over the counter lifting the cigarettes from the shelf. He then placed the case upon the floor and began shoving the box towards the front door of the store. At that point he was accosted by the store departmental manager and the detective who asked for his receipt for the cigarettes. Being unable to produce such a receipt, appellant was detained.

R. H. Stauffacher, Jr., Houston (On appeal only), for appellant.

Carol Vance, Dist. Atty., Phyllis Bell, Tom Henderson, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

1. While Art. 1436e, Sec. 4, V.A.P.C. provides for the punishment for subsequent violations of such statute where the property taken is valued at less than $50.00, there is no such special provision for subsequent violations where the value of the property taken is valued at $50.00 or over. Therefore, the general enhancement statute (Art. 63, V.A. P.C.) applies.

Her suspicions having been aroused by the first maneuver of appellant before he went outside to the telephone, the detective alerted store departmental manager Lewis Ray, whose testimony corroborated that of the detective as to appellant's activities when he entered the store the second time. The cashier on duty also testified that the appellant had bypassed the check-out point where he would have been called upon to pay for the cigarettes when he was accosted by Mr. Ray and Miss Spoonemoore. All three witnesses positively identified appellant.

Mr. Ray testified that there were fifty-two cartons of mixed brands of cigarettes in the case or box which appellant had been moving around and that the value of such cigarettes was in excess of fifty dollars. He was not cross-examined upon the value of the merchandise nor were his qualifications challenged in any manner during the trial of the cause. Instead, taking the stand in his own defense, appellant denied the charges; and, under questioning by his privately retained counsel, attempted to invoke the "entrapment" defense. Further, he testified at length, insofar as State's objections permitted, to his prior convictions, his addiction to narcotics, his recent release from the penitentiary, and his efforts to rehabilitate himself from the drug addiction.

State's counsel established the two prior convictions, among others, during the course of the cross-examination of appellant.

■ The first ground of error seeks reversal because "[t]he property was not of uniform brand, or, it is submitted, uniform value . . . .. The State therefore had the burden of proving the individual value of the various items to support the aggregate value alleged . . . and, failing to do so, as herein . . . the cause should be reversed" because the evidence was insufficient to sustain the conviction.

Although appellant speaks of "legions of cases" involving proof of value over fifty

dollars, he cites only Pitcock v. State, 367 S.W.2d 864 (Tex.Cr.App.1963), in support of the position taken. We do not find the cited case to be persuasive or controlling. The leading authority cited in *Pitcock* was Anderson v. State, 166 Tex.Cr.R. 337, 314 S.W.2d 603 (1958). The indictment in *Anderson* charged the defendant with the fraudulent taking of various articles of women's apparel obviously not of uniform value. The Court in *Anderson* held:

"As the indictment was drawn, it was essential that the State prove that all of the property described therein was stolen, the items not being of uniform value."

In *Pitcock,* thirteen items were alleged to have been stolen but proof was offered as to only nine. Following *Anderson,* the court simply held that "[t]he property not being of uniform value, there must be proof of each item alleged."

This is a far cry from the situation presented by this record where appellant was charged with shoplifting fifty-two cartons of cigarettes of the alleged value of over fifty dollars. Mr. Ray was the manager of the drug department in which the tobacco goods were sold. He testified that the case containing the fifty-two cartons had come "[f]rom our smoke shop department" where they were being kept, stored and displayed for sale. State's counsel then proceeded:

"Q. And were they [the cigarettes] of the value of more or less than $50?

A. Correct.

Q. Well, more or less, sir,

A. More."

This language taken from Tinsley v. State, 461 S.W.2d 605, 607 (Tex.Cr.App. 1970), expresses our views on the subject:

"We view the record sufficient to reflect the fair market value of the lawn mower [cigarettes] in question was over

the value of $50.00 as alleged in the indictment. This court has held that if the manner of proving value did not meet with the approval of the defendant, it was incumbent upon him to voice his objection at the time of the introduction of the testimony. [citations omitted] No such objection was made nor was the probative value of the testimony relating to value questioned in the trial court. We conclude the evidence was sufficient to support the jury's verdict finding appellant guilty of felony theft [shoplifting]."

See also, DeLuna v. State, 486 S.W.2d 321 (Tex.Cr.App.1972); Turner v. State, 486 S.W.2d 797 (Tex.Cr.App.1972). Ground one is overruled.

■ Appellant contends that he did not have effective assistance of counsel upon the trial, pointing to the fact that his own counsel injected into the case his prior convictions, his narcotic addiction and cross-examined State's witnesses upon the untenable "entrapment" theory of defense. The record discloses that trial counsel was retained by appellant and had also represented him in one or more of the other trials resulting in conviction. We say, as did the Court in Trotter v. State, 471 S.W.2d 822, 823 (Tex.Cr.App.1971):

"We have carefully examined the record and cannot conclude there was ineffective assistance of counsel. This record does not support or reflect any willful misconduct by an employed counsel without appellant's knowledge which amounts to a breach of the legal duty of an attorney. See Lawson v. State, Tex. Cr.App., 467 S.W.2d 486, and cases there cited. Further, counsel being retained, any claimed incompetency or lack of effective assistance on the part of such counsel cannot be imputed to the State. Howard v. Beto, 5th Cir., 375 F.2d 441; Lawson v. State, supra."

Accord: Dyche v. State, 478 S.W.2d 944, 945 (Tex.Cr.App.1972); Mills v. State, 483 S.W.2d 264 (Tex.Cr.App.1972); Guerrero v. State, 487 S.W.2d 729 (Tex.Cr.App. 1972); Rodriguez v. State, 489 S.W.2d 121, 123 (Tex.Cr.App.1972); Sellers v. State, 492 S.W.2d 265, 266 (Tex.Cr.App.1973).

Appellant's retained counsel took a case which was almost impossible to defend. Three witnesses had observed appellant's commission of the offense and, if appellant was to enter any defense, he was required to take the stand in his own behalf. This, of course, subjected him to cross-examination in a most vulnerable area, his prior convictions, only two of which had been used for enhancement purposes. Faced with this dilemma, counsel sought to elicit sympathy from the jury for appellant's position. His mother's virtues as a hardworking woman were brought out as was his brother's position in the Postal Service. Appellant was pictured as an oppressed victim of society's neglect and his efforts to rehabilitate himself of the drug addiction were presented as evidence that he could do more for himself and society outside prison than as an inmate. Having considered the jury argument made from the meager evidence available to counsel, we are not persuaded that the trial tactic taken was necessarily unwise. Appellant tendered his lawyer an extremely weak hand to play in his defense, but it was well played.

■ Appellant's counsel, facing the inevitable, gambled upon the power attributed to jurors by Justice Holmes in Horning v. District of Columbia, 254 U.S. 135, 138, 41 S.Ct. 53, 54, 65 L.Ed. 185, 186 (1920): "[T]he jury has the power to bring in a verdict in the teeth of both law and facts." The fact that the ploy was unsuccessful is not material because the ability and faithfulness of an attorney is not to be judged by whether he won or lost the verdict. The practice of law is both an art and a science and the losing of a case is not proof of incompetency or infidelity on the part of counsel. A lawyer cannot be expected to win a hopeless case; nor is he to be adjudged incompetent because he tries

to do the impossible and fails. Cf. Williams v. Beto, (5th Cir. 1965) 354 F.2d 698, 706. See also, Fletcher v. State, 396 S.W. 2d 393, 396 (Tex.Cr.App.1965). Ground of error number two is overruled.

The judgment is affirmed.

Opinion approved by the Court.