**Henry Patrick HUNTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46627.**

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

Kerry P. Fitzgerald, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the possession of heroin; the punishment, thirty-five years' imprisonment.

The sufficiency of the evidence is not challenged. The record shows that an arrest warrant had been issued commanding the arrest of the appellant for the offense of robbery. Officers who knew the appellant received knowledge of the issuance of the warrant, located him and placed him under arrest. They made a search of his person at the time of the arrest and found several capsules in his pocket. An expert witness testified that the capsules contained heroin.

The appellant's principal ground of error is that he was denied effective aid and assistance of counsel prior to and during trial in violation of the rights accorded him under the Sixth Amendment to the Constitution of the United States. A part of the argument made in the appellant's brief concerning the ineffective aid and assistance of counsel who was appointed to represent him is quoted:

"The Record reflects that Appellant's trial counsel did not file any motions whatever for the Appellant prior to or during trial. Conspicuously absent are such motions as the motion to list witnesses, motion for discovery, motion to suppress evidence, motion to exclude evidence of any extraneous offenses (i. e., testimony that there was an outstanding warrant for the arrest of Appellant for robbery), motion for the production of the Grand Jury testimony, motion for the court reporter to record the arguments of counsel during the hearings on guilt-innocence and punishment, if necessary, and application for probation, and an election for either the jury or the judge to set the punishment.

"The Record reflects that Appellant's trial counsel made no request for a hearing outside the presence of the jury to determine the sufficiency of the outstanding arrest warrant which was made the basis of Appellant's arrest and subsequent search and the seizure of the heroin capsules. No attempt was made to inquire into the existence of probable cause for the arrest of Appellant outside the presence of the jury.

"Appellant's trial counsel waived his argument before the jury, during the hearing on guilt-innocence. The Record does not contain the arguments of counsel during the hearing on punishment as no request was made for the transcription of such arguments.

"Appellant's trial counsel did not object to any of the testimony introduced by the prosecution with respect to the obtaining of the arrest warrant and the fact that it authorized Appellant's arrest for robbery, an extraneous offense.

"Appellant's trial counsel did not object to State's Exhibit Number One, a photograph of the Appellant, the back of which reflected the notation, 'no billed.' All notations on such photograph constituted hearsay and the notation 'no billed' certainly indicated that Appellant was involved in some other offense.

"Appellant's trial counsel did not object to the introduction of State's Exhibit Number Two, the warrant of the arrest, which reflected that the Sheriff of Dallas County was commanded to arrest Appellant on the felony charge of robbery, the basis of which was a written complaint of Lynda Ford, which offense was allegedly committed August 15, 1971.

"Appellant's trial counsel did not object to the introduction of State's Exhibit Number Three which was an envelope into which were allegedly placed heroin capsules by the police officers. Such envelope contained notations by the police officer, including another reference to a 'warrant for Ar. Rob.'

"Appellant's trial counsel did not object to the introduction of State's Exhibit Number Five which was a laboratory report on the heroin capsules recovered from the person of Appellant. Said report contained another reference to the warrant for the arrest of Appellant for armed robbery.

"No challenge was made to the validity of the arrest warrant in order to raise a possible issue as to the legality of Appellant's arrest and a potential requested charge to be submitted to the jury in accordance with Article 38.22, sub. section 2, [Vernon's Ann.] C.C.P."

The State in its brief counters with the following argument:

"On appeal, appellant's appointed counsel initially contends that appellant

was denied the effective assistance of counsel at the trial. The picture he paints is dark, indeed. Closer examination of the record reveals, however, that things were not quite so bleak; nothing requiring reversal has been shown.

"Appellant complains that various pre-trial motions were not filed. There was no motion to list witnesses; however, the record reflects that the witnesses were listed. There was no motion for discovery; but there is no showing that anything discoverable was not shown to counsel.[1] There was no motion for the

"1. The record does reveal that the prosecutor had discussed with defense counsel the evidence available concerning appellant's prior criminal record.

production of grand jury testimony; but there is nothing to indicate that same had been transcribed or that there was any particularized need for it. There was, he says, no motion to compel the reporter to transcribe jury argument; it plainly appears that arguments on guilt were taken down, however.

"No application for probation was filed, for reasons which appear in the record. Whether or not trial counsel's explanation was accurate as to the law, it is clear that the State offered no evidence of appellant's prior record, though such might have been available. In that respect, trial counsel's tactic was clearly effective. The sentence of 35 years might well have been even greater had a prior criminal record been shown.[2]

"2. It is submitted that any complaint of the failure to file application for probation is moot now. See Alexander v. State [Tex.Cr. App.], 482 S.W.2d 862.

"At first blush, it might appear that trial counsel erred in failing to challenge the validity of the arrest under warrant, at which time the heroin was discovered.

That warrant was for the offense of robbery. When the whole situation is taken into consideration, however, it becomes apparent why trial counsel did not attack the warrant.

"The appointed trial attorney represented appellant at the trial for the robbery made the basis of the arrest, which conviction is also on appeal. That trial occurred on April, 1972. Trial counsel was aware of the facts surrounding the robbery, and, no doubt, properly concluded that it would be only a waste of time to mount any challenge to the validity of an arrest which he knew to be lawful.

"Viewing the record as a whole, it does not appear that appellant was denied the effective assistance of counsel at his trial."

■■ Although error both of omission and commission have been alleged concerning counsel's representation of the appellant, it is obvious that this was a difficult case in which to present a defense. See Curtis v. State, Tex.Cr.App., 500 S.W.2d 478 (1973). The record before us in this case is not sufficient in itself to support the contention that appellant was denied effective aid and assistance of counsel. In order to make the determination which the appellant asks us to make, it would be necessary to go outside this record to determine whether trial counsel's tactics, strategy, judgment, knowledge and application of the law under the facts of this case were such as we could say the representation of the appellant was so ineffective as to be a denial of the constitutional right to counsel.

The judgment is affirmed.

Opinion approved by the Court.