**John Mack BUFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44937.**

Court of Criminal Appeals of Texas.

May 17, 1972.

Rehearing Denied June 28, 1972.

Brady Coleman, Cameron M. Cunningham, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of narcotic paraphernalia under Article 726d, Section 3(h), Vernon's Ann.P.C. The punishment was assessed by the jury at twenty-eight years.

The sufficiency of the evidence is challenged.

Police officers of the City of Austin kept appellant's home under surveillance from approximately eight until ten o'clock at night. Several people, some of whom were narcotic addicts, were seen going to the house where they remained a few minutes before leaving. Officers, one with binoculars from a distance of 200 feet, saw the appellant come out of his house with a flashlight and walk directly across the street to a tree. He was carrying what the officers described as a cylindrical object some three or four inches long. The officers testified that the appellant shined the light at the base of the north side of the tree and placed the object there. He then went back into his house with nothing in his hand except the flashlight.

Two officers left and obtained a search warrant for appellant's house. Others kept up the surveillance and testified that no one else went to the tree during the time in question. When the officers knocked, Carl Ballinger, who was inside, opened the door and then slammed it rapidly. As they were forcing their way into the house, the officers heard the commode flush and water running. After entering they found Ballinger, the appellant and Purline Alexander who was standing in the bathroom door smiling. No narcotics were found in the house, but the search did reveal three boxes of empty gelatin capsules and three rubber fingerstalls in the bedroom and a cut or broken fingerstall in the bathroom. One officer testified that fingerstalls were used in the narcotic trade to hold capped gelatin capsules of heroin.

Purline Alexander had no needle marks on her arms. Ballinger had old tracks or needle marks on his arms, but no fresh ones. The appellant had old scars or tracks plus a fresh puffed up needle mark on his left arm.

At the base of the north side of the tree where the appellant placed the object, the officers found a "rig" in tinfoil. It consisted of an eyedropper syringe with a bulb and a hypodermic needle. The bulb or eyedropper contained traces of heroin. Another "rig" wrapped in brown paper was found by the tree. An attempt to obtain fingerprints from the objects was unsuccessful.

Purline Alexander, who was apparently the common-law wife of the appellant, was called for the defense. She testified that she was in the house, heard a racket and someone say that the police were at the door. She stated that she was putting clothes in the bathroom at the time. On cross-examination she testified that she had just used the bathroom and had flushed the commode as well as put the clothes away. She testified that she had used the fingerstalls that were found in the bedroom in addition to her gloves which were in bad condition. She denied seeing the broken fingerstall in the bathroom and having any knowledge of heroin.

Considering the evidence in the light most favorable to the verdict, we hold that it is sufficient to support the verdict.

At the penalty stage of the trial the State proved that the appellant had been convicted for possessing marihuana in 1956, for felony theft in Harris County in 1959, and for two cases of forgery in one trial in federal court in 1963.[1]

He also contends that the indictment is defective because it did not name the drug that was to be used in the needle.

The indictment alleged that John Mack Buford possessed a hypodermic needle for the purpose of subcutaneous injections of narcotic drugs in a human being.

Article 726d, supra, provides that it is illegal ". . . at any time to have, or

1. A provision in the sentence provided that it run concurrent with a five-year sentence assessed against appellant in United States District Court, Western District of Texas, Austin Division, for uttering a forged government instrument in Cause No. A–71–Cr 16.

possess, a hypodermic syringe, needle, or any instrument adapted for the use of dangerous drugs by subcutaneous injections in a human being and which is possessed for that purpose. . . ."[2]

Appellant relies upon Hart v. State, Tex. Cr.App., 396 S.W.2d 873, and Baker v. State, 123 Tex.Cr.R. 209, 58 S.W.2d 534, which hold that the narcotic must be named in the indictment where one is charged for unlawful possession of narcotics. In such cases the drugs are usually seized and can be tested. It is a reasonable requirement that the State allege and prove what narcotic drug the accused possessed. The burden of proving what one actually possessed can be met.

However, in most cases, it would be an impossibility to prove what drug one intended to use in a needle that he possessed. There are many drugs that may be injected. The Legislature did not require such an allegation and proof. The statutory requirements were met, and we hold that they are sufficient.

Next, assuming that proper objections were made and the matters properly raised in the appellate brief, the remaining contentions will be discussed.

■ The appellant complains that the court erred in admitting into evidence the narcotic paraphernalia which did not contain traces of narcotics.

■ There is no requirement in the statute that the State prove that the paraphernalia had been used to inject narcotics in a human being but only that it be adapted for injection and possessed for that purpose.

■ He also complains because the court admitted the gelatin capsules, the fingerstalls and the second syringe found at the tree. In 4 Branch's Ann.P.C.2d, Section 2255, page 618, it is written: [w]here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper." See Tinsley v. State, Tex.Cr.App., 461 S.W.2d 605; Taylor v. State, Tex.Cr.App., 420 S.W.2d 601, Jones v. State, Tex.Cr.App., 471 S.W.2d 413, concerning the circumstances of the arrest, and 23 Tex.Jur.2d, Section 196.

Lastly, complaint is made that the court erred in admitting testimony that the officers saw narcotic addicts entering his home during a two-hour period prior to his arrest.

In Gonzales v. State, 410 S.W.2d 435, the Court held proof that five narcotic users entered Gonzales' apartment and stayed a few minutes and left while the premises were under surveillance for a period of two and one-half hours did not constitute extraneous offenses.

In Vavra v. State, 171 Tex.Cr.R. 24, 343 S.W.2d 709, this Court held that acts done and statements and appearance of the participants and other similar circumstances surrounding an offense are all admissible. See the discussion under the next preceding complaint concerning the admission of the exhibits.

■ We hold that the proof was admissible to show the circumstances of the offense.

No reversible error is shown. The judgment is affirmed.

2. Certain exceptions for physicians and for the treatment of livestock, not pertinent here, are contained in the statute.