**Robert ROCKWOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49,697.**

Court of Criminal Appeals of Texas.

June 11, 1975.

Rehearing Denied July 9, 1975.

Leonard L. Franklin and Wade H. Walker, Austin, for appellant.

Bob Glasgow, Dist. Atty., Quay Parker, Asst. Dist. Atty., Stephenville, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of sodomy under the former Code. The jury assessed the punishment at fifteen years.

The trial was in February, 1974.

■ Appellant contends that the conduct he was charged with is not a crime under the 1974 Penal Code and that he did not have adequate representation of counsel.

The record reflects that in July of 1973 appellant had his nine-year-old stepdaughter commit an act of oral sodomy upon him while her sister and mother were away from the house.

When the mother returned the nine-year-old daughter told her what had happened. When her mother confronted appellant with what the daughter had told her, he flew into a rage, assaulted the daughter, choked her and threw her into the air and let her fall.

Appellant then went to their garage. The girl's mother followed him and saw that he had a rope and a barrel and was apparently going to commit suicide. She called the officers and he was arrested.

Article 524 of the former Code, under which appellant was charged, was repealed.

Section 6(b) of the Savings Provision of the 1974 Code provides:

"Conduct constituting an offense under existing law that is repealed by this Act and that does not constitute an offense under this Act may not be prosecuted after the effective date of this Act. If, on the effective date of this Act, a criminal action is pending for conduct that was an offense under the laws repealed by this Act and *that does not constitute an offense under this Act*, the action is dismissed on the effective date of this Act. . . ." (Emphasis supplied)

Does the present Penal Code provide an offense for the conduct charged in the indictment and proved during the trial?

Chapter 21, V.T.C.A. Penal Code, Sexual Offenses, provides that the following (among others) are crimes: (1) sexual abuse; (2) aggravated sexual abuse; (3) homosexual conduct; (4) sexual abuse of a child, and (5) indecency with a child.

We hold that the conduct alleged and proved constitutes an offense under the 1974 Code and precludes dismissal of the sodomy trial.

Appellant contends that his retained counsel did not adequately represent him. He contends among other things that the attorney did not subpoena witnesses and did not make but one objection during the trial. A hearing was had on the motion for new trial. Appellant's trial counsel testified that he obtained a list of the prospective witnesses from the district attorney. Through correspondence with the prosecutor, trial counsel learned that there were no tests made and no statement taken from any witness. Counsel talked to some prospective reputation witnesses but decided not to use them because they, in his opinion, would not benefit appellant during the trial. One of these witnesses was a woman with whom appellant was apparently living at the time of the trial.

■ When the attorney was asked by appellate counsel about not conducting a more vigorous cross-examination, he answered that he did not want to antagonize the jury and have them sympathize with the young girl, her sister and the mother. He further related that he did not question the prosecutrix, her sister or mother before the trial because he did not want to acquaint them to what his cross-examination would be. This was trial strategy.

■ There are some cases that cannot be won. An attorney must appraise a case and do the best he can with the facts. See

Curtis v. State, 500 S.W.2d 478 (Tex.Cr. App.1973).

Appellate and other counsel might have tried the case differently, but that does not show inadequate representation.

The trial judge was present during the trial. He heard the evidence. He also heard the testimony on the motion for new trial.

We hold that appellant has neither shown that he had inadequate representation of counsel, a violation of a legal duty, nor that the trial judge abused his discretion in overruling the motion for new trial.

The judgment is affirmed.