Buddy AMBERS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 49568.

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

James P. Finstrom, Court appointed, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Hugh Lucas, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a rape conviction, where the punishment was assessed at ninety-nine (99) years by the jury.

In his sole contention appellant contends the trial court erred at the penalty stage of the trial when it failed to charge the jury that the range of punishment governing the instant offense was that of a second degree felony under the new Penal Code (effective January 1, 1974), despite his timely presented written motion for election of punishment.

The appellant was indicted on July 16, 1973, with the one count indictment alleging that on or about July 5, 1973, the appellant "did unlawfully in and . upon F__J__M__, a woman, then and there by force, threats and fraud, and without the consent of the said complainant, ravish and have carnal knowledge of the said complainant."

The indictment was obviously drafted under Article 1183, Vernon's Ann.P.C. 1925. The penalty for such offense is set forth in Article 1189, Vernon's Ann.P.C. 1925, which provides that "a person guilty of rape shall be punished by death or by confinement in the penitentiary for life, *or for any term of years* not less than five." (Emphasis Supplied) As to the death penalty provision, see *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

Appellant's trial commenced on February 18, 1974, after the effective date of the new Penal Code.

At the trial the prosecutrix testified that on July 5, 1973, when she returned to her apartment from work she discovered a television set and a stereo set were missing and entry had been made through a back kitchen door. While she was trying to figure out how to lock or bolt the broken door, the appellant entered the apartment through the door holding a three inch knife in his hand. The prosecutrix screamed, and appellant approached with the knife and said, ". . . don't scream or I will kill you." He marched her to the bedroom, forced her to disrobe, and proceeded to have sexual intercourse with her without her consent, once striking her in her side with his hand. Before leaving, he forced her to commit an act of sodomy upon him.

The appellant did not testify or offer any evidence.

At the guilt stage of the trial the jury found the appellant guilty of "rape as charged in the indictment."

At this point appellant filed a motion electing to be punished under the new Penal Code and requesting that the range of punishment submitted to the jury be limited to that provided by V.T.C.A., Penal Code, Sec. 21.02 (Rape—a felony of the second degree) under which the punishment would be limited to a term of not more than twenty (20) years or less than two (2) years and a possible fine not to exceed $10,000. See V.T.C.A., Penal Code, Sec. 12.33 (Second Degree Felony Punishment).

The request to so limit the range of punishment was denied. Appellant then filed a "Second Motion of Punishment Election" requesting that, in view of the earlier denial that punishment be assessed under V.T.C.A., Penal Code, Sec. 12.33, that punishment be limited to life, or any term of not more than ninety-nine (99) years or less than five (5) years. See V.T.C.A., Penal Code, Sec. 12.32 (First Degree Felony Punishment). This motion was granted by the court. The jury was so instructed in the court's charge on such punishment, which is the punishment applicable to aggravated rape (V.T.C.A., Penal Code, Sec. 21.03).

It is appellant's argument on appeal that the court erred in not limiting the punishment to that of a second degree felony. He contends that the proof actually showed the offense of rape under the new Code rather than that of aggravated rape. We dealt with a similar contention in *Wright v. State,* 527 S.W.2d 859 (No. 49,576, this day decided) in which we also discussed the applicability of the "Saving Provisions" of the new Penal Code to cases where the accused is indicted for an old Code offense and is tried after the effective date of the new Code and elects by virtue of Section 6(c) of the Saving Provisions to be punished under the new Penal Code. We need not repeat that discussion here.

In the instant case appellant does not argue that Section 6(c) of the Saving Provisions is not applicable but urges the court erred in not limiting the range of punishment to that of a second degree felony since he argues the proof offered showed the offense of rape under V.T.C.A., Penal Code, Section 21.02 rather than aggravated rape, V.T.C.A., Penal Code, Section 21.03.

V.T.C.A., Penal Code, Sec. 21.02 (Rape), provides as follows:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

"(b) The intercourse is without the female's consent under one or more of the following circumstances:

"(1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances;

"(2) he compels her to submit or participate by any threat that would prevent resistance by a woman of ordinary resolution;

"(3) she has not consented and he knows she is unconscious or physically unable to resist;

"(4) he knows that as a result of mental disease or defect she is at the time of the intercourse incapable either of appraising the nature of the act or of resisting it;

"(5) she has not consented and he knows that she is unaware that sexual intercourse is occurring;

"(6) he knows that she submits or participates because she erroneously believes that he is her husband; or

"(7) he has intentionally impaired her power to appraise or control her conduct by administering any substance without her knowledge.

"(c) An offense under this section is a felony of the second degree."

V.T.C.A., Penal Code, Sec. 21.03 (Aggravated Rape), provides as follows:

"(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code or rape of a child as defined in Section 21.09 of this code and he:

"(1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; or

"(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.

"(b) An offense under this section is a felony of the first degree."

At the hearing on punishment the State offered evidence as to appellant's prior convictions, but no further evidence as to the offense. As noted earlier, the jury was given as the range of punishment that applicable to aggravated rape (V.T.C.A., Penal Code, Sec. 21.03), without mention of the new Penal Code provisions. This was in accord with appellant's "Second Motion of Punishment Election." The charge was not drafted so as to require the finding of any additional elements of aggravated rape. There were no objections to the charge nor written requested charges. Under the circumstances of this particular case, given appellant's own motion and the undisputed facts offered at the guilt stage of the trial that appellant at knifepoint threatened to kill the prosecutrix and with the knife marched her to the bedroom, where the offense occurred, with the prosecutrix testifying she was in fear of death and serious bodily injury, we cannot conclude that the court reversibly erred in submitted to the jury the range of punishment applicable to a felony of the first degree (aggravated rape).

The judgment is affirmed.

ROBERTS, J., concurs.

DOUGLAS, Judge (concurring).

The indictment alleged an offense under the former code. There was sufficient notice in that indictment.

The Legislature adopted the present code and made changes in the punishment and the definition of the offense. Appellant had notice of these changes. With this notice he elected to have the punishment assessed under the subsequent code. He was not forced to elect. He was not deprived of any right but was given a new one under which he chose to proceed.

In *Jones v. State,* 502 S.W.2d 771 (Tex.Cr. App.1973), the conviction was for the possession of less than four ounces of marihuana. At the time of indictment the offense was a felony. At the time of the trial the punishment was classified as a misdemeanor for that amount of marihuana. Jones elected to be tried under the newer act. He complained that he had to give up his right to have the jury assess the punishment when he chose to proceed under the subsequent statute. This Court held that he waived that right by his election.

In the present case, appellant knew what the indictment charged and the penalties under each statute. He made his election.

The Legislature did not intend that he have a right to elect not to be punished for rape.

ODOM, Judge (dissenting).

Appellant was indicted for rape under the old Penal Code. The jury found him guilty of "rape as charged in the indictment." The indictment charged that appellant:

"did unlawfully, in and upon F___J___M___, a woman, then and there by force, threats, and fraud, and without the consent of the said Complainant, ravish and have carnal knowledge of the said Complainant."

Appellant contends, as stated by the majority, that the trial court erred in refusing his election to be punished under the new Penal Code provision for second degree felony rape under Section 21.02, V.T.C.A. Penal Code.

The jury's finding of guilt would support assessment of punishment under Sec. 21.02, *supra,* for rape, because the jury, in returning a verdict of guilty as charged in the indictment, found facts sufficient to support a conviction under that Section. Rape, under Sec. 21.02, *supra,* is a second degree felony and appellant Ambers was entitled to the submission of that range of punishment to the jury. (See parts XI, paragraph 1; XIII; XVI, of my opinion concurring in part and dissenting in part in *Wright v. State,* 527 S.W.2d 859, this day decided.)

Instead the punishment range under Section 21.03, V.T.C.A. Penal Code, for first degree felony was submitted. That Section defines aggravated rape and affixes a punishment thereto. It requires for conviction thereunder that in addition to showing commission of rape under Sec. 21.02, *supra,* it must be alleged and proved beyond a reasonable doubt that the accused in commission of the offense:

> "(1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; or

> "(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone." Sec. 21.03, *supra.*

It is obvious that no allegation of any such aggravating circumstances was made in the indictment. (See parts IX, XIII, of my opinion in *Wright, supra.*) The verdict of "guilty as charged in the indictment" therefore does not constitute a finding that such circumstances were proven, and none of the additional fact issues under Sec. 21.03, supra, were even submitted to the jury. (See parts XIII, XIV, in my opinion in *Wright, supra.*) Appellant was neither charged with nor convicted of the commission of acts constituting an offense under Sec. 21.-03, supra, and that Section affixes no punishment to the offense for which appellant was charged and convicted.[1] Punishment was assessed at ninety-nine years, outside the range that should have been charged.

For violation of appellant's right to demand pleading and proof beyond a reasonable doubt, and for deviations from the required procedure denying him a fair trial, the judgment should be reversed and the cause remanded.

1. The author of the majority opinion, speaking for the Court in *Day v. State,* —— S.W.2d —— (1975), wrote:

   ". . . the dissent . . . infers that if the proof reflects some offense other than charged in the indictment, then no jury instruction on the lesser included offense of the offense charged needs to be given regardless of the evidence raising the same. This is strange logic indeed."

Even stranger logic is that employed by the majority in this case, which holds that if the evidence reflects some offense other than that charged in the indictment, of which charged offense the defendant has been convicted, it is permissible for the trial court to charge the range of punishment for the other offense shown in the evidence and ignore the range of punishment affixed by law to the offense described by the facts charged and found by the jury to be true.