Christopher Woods CASEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 50076.

Court of Criminal Appeals of Texas.

Sept. 23, 1975.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and Richard W. Wilhelm, Jim Burnham and Bob Hinton, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by firearms. The jury assessed punishment at fifty years.

The appellant contends that the improper range of punishment was submitted to the jury. He also contends that the jury was not properly instructed on the issue of the voluntariness of his statement.

In the early morning hours of May 24, 1973, a cab driver, Tommie L. Sanders, Jr., the complaining witness, received a call to proceed to a convenience store and pick up a fare. When he arrived, the appellant got in the front seat on the passenger's side and Clifton Currie got in the rear behind the driver. They requested that Sanders take them to a certain location.

On the way, Currie pulled a pistol and placed it at the back of Sanders' head and said, "Turn the radio off and turn it off now or I'll blow your brains out." They ordered Sanders to follow their directions. Sanders noticed a car following closely and its lights were blinking.

After a short time, Sanders was ordered to stop. The car that had been following them also stopped. Currie told him to get out of the cab and lie face down on the ground. Appellant meanwhile searched the cab. Sanders complied, but as he turned his head Currie shot him in the head. Still conscious, Sanders lay still. When Currie and appellant found no money in the cab they rolled Sanders over and took the money from his shirt pocket, ripping the pocket in the process. Appellant and Currie departed in the car that had followed them. Sanders waited, then asked his dispatcher to call an ambulance.

Appellant was indicted for robbery by firearms, Article 1408, V.A.P.C. (1925). He elected to be punished under the new code. In the punishment phase of the trial, appellant objected to the charge which instructed the jury that the range of punishment was imprisonment "for life, or for any term not more than 99 years or less than five years." This is the punishment assigned to a first degree felony, Section 12.32, V.T.C.A., Penal Code, the punishment for aggravated robbery, Section 29.03, V.T.C.A., Penal Code.

Appellant contends that the trial court erred in instructing the jury on the range of punishment because the allegation in the indictment did not support a conviction for aggravated robbery. He contends that, at best, the indictment supported the punishment for robbery, Section 29.03, V.T.C.A., Penal Code, a second degree felony punishable by imprisonment for not more than twenty years and not less than two years

and a fine, Section 12.33, V.T.C.A., Penal Code.

The appellant testified and admitted committing the crime.

■ The indictment is not the controlling factor. In *Pesch v. State,* 524 S.W.2d 299 (Tex.Cr.App.1975), we stated:

"An examination of the savings provisions [of the new code, Section 6, Acts 1973, 63rd Legislature, Chapter 399] shows the basic rule is that criminal actions are governed by the law existing at the time of the commission of the act. Where the act was committed prior to the effective date of the code but where the trial was held subsequent to that date there are two exceptions to that rule. One, conduct which was an offense under the old códe and is no longer an offense may not be prosecuted after the effective date and the action is dismissed. Two, the defendant may elect, if adjudged guilty of the offense as defined by the old code, to be punished under the new code."

There is no question that the conduct alleged constituted an offense under the new code. See *Rockwood v. State,* 524 S.W.2d 292 (Tex.Cr.App.1975). So, the issue concerns the determination of what punishment to apply where the conduct possibly constitutes more than one offense as defined by the new code and those offenses have differing ranges of punishment.

From the proof adduced during the guilt and punishment stages of the trial, the judge determines the applicable section, or sections (with appropriate instructions if the proof requires giving the jury a choice) of the new code and so charges the jury. By his election to be punished under the new code, a defendant agrees to such a method. The question then is whether the proof substantiates the judge's determination. *Ambers v. State,* 527 S.W.2d 855 (Tex.Cr.App.1975). See *Wright v.*

*State,* 527 S.W.2d 859 (Tex.Cr.App.1975), and *Jones v. State,* 502 S.W.2d 771 (Tex.Cr. App.1973).

■ Here, the proof was sufficient to justify the trial judge's submission of the range of punishment for aggravated robbery.

■ The appellant also contends that the court improperly instructed the jury concerning the determination of the voluntariness of his statement. Appellant took the stand in front of the jury and testified that the contents of the statement were correct. This was tantamount to a judicial confession. We said in *Melton v. State,* 511 S.W.2d 957 (Tex.Cr.App.1974):

". . . To hold that the court should have instructed the jury not to consider the confession in this case would be requiring an exercise in futility because the jury still had before it the same evidence, the admission of the appellant in open court that he committed the offense. See *Hardin v. State,* Tex.Cr.App., 458 S.W.2d 822. . . ."

The appellant has shown no harm or reversible error.

The judgment is affirmed.

ODOM, Judge (concurring in part and dissenting in part).

I concur in the affirmance of this case but dissent to the majority's interpretation of the Saving Provisions regarding its application to an election to be assessed punishment under V.T.C.A., Penal Code.

The jury's verdict of "guilty as charged in the indictment" was sufficient, under the allegations in this case, to constitute a finding of such facts as would constitute aggravated robbery under Section 29.03, V.T. C.A., Penal Code. Accordingly, it was proper for the court, upon appellant's election, to submit to the jury the punishment range affixed by that provision.

I dissent to the majority's application of the test set out in *Wright v. State*, 527 S.W.2d 859 (Tex.Cr.App.1975), for the reasons set out in my dissent in that case.