David HOUSTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 49668.

Court of Criminal Appeals of Texas.

Sept. 23, 1975.

C. David Evans and W. Allan Craig, San Antonio, for appellant.

Ted Butler, Dist. Atty., Michael Schill and Alan E. Battaglia, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appeal is taken from a conviction for possession of narcotic paraphernalia. Pun-

ishment, assessed at appellant's request under the provisions of Subsection (c), Sec. 6.01, of the Texas Controlled Substances Act, is sixty days in jail and a fine of two hundred dollars.

In two grounds of error, appellant contends that his conviction is void since the indictment is fatally defective since it does not allege conduct which constituted an offense at the time of the trial.

The indictment, which was returned by the grand jury on December 6, 1972, alleges that appellant, in Bexar County, Texas, on or about October 21, 1972,

" . . . did then and there unlawfully have and possess ONE (1) HYPODERMIC SYRINGE AND NEEDLE adapted for the use of narcotic drugs by subcutaneous injection into a human being with the purpose and intent of using such HYPODERMIC SYRINGE AND NEEDLE to inject narcotic drugs into a human being by subcutaneous injection; . . "

This indictment was sufficient to allege the offense of unlawful possession of narcotic paraphernalia under Article 726d, Section 3(h), V.A.P.C.,[1] as it existed at the time of the offense and the date the indictment was filed in court. See *Buford v. State,* Tex.Cr.App., 481 S.W.2d 133.

At the time of the trial, September 27, 1973, the Controlled Substances Act (Art. 4476–15, Rev.Civ.Stats. of Texas) was in effect. Sect. 4.07 of the Act provides:

"Possession of controlled substance paraphernalia .

"Sec. 4.07(a) A person, except a practitioner or a person acting under his direction, commits an offense if he possesses a hypodermic syringe, needle, or other instrument *that has on it any quantity (including a trace) of a controlled substance in Penalty Group 1 or 2* with intent to use it for administration by subcutaneous injection in a human being.

"(b) An offense under Subsection (a) is a Class A misdemeanor." (Emphasis added).

Heroin is included in Penalty Group 2, Art. 4.02(b)(2)(J).

Appellant contends that since the above article added the requirement that the syringe, needle, or other instrument have "on it any quantity (including only a trace) of a controlled substance," which Art. 726d, Sec. 3(h), V.A.P.C. (1972), supra, on which the indictment was based, did not require, and which was not alleged, the indictment did not allege all elements of the offense required by the statute in effect at the trial, and, therefore, could not support the conviction. See *Standley v. State,* Tex.Cr.App., 517 S.W.2d 538; *Shane v. State,* Tex.Cr.App., 513 S.W.2d 579.

Section 6.01(a) of the Controlled Substances Act provides:

"Except as provided in Subsections (b) and (c) of this section, this Act applies only to offenses committed on and after its effective date, and a criminal action for an offense committed before the effective date is governed by the law existing before the effective date, which law is continued in effect for this purpose, as if this Act were not in force. . . . "

Appellant, in his argument, relies on Subsection (b) of Section 6.01, which reads:

"Conduct constituting an offense under existing law that is no longer an offense under this Act may not be prosecuted after the effective date of this Act. If on the effective date of this Act, a criminal action is pending for conduct that does

---

1. Article 726d, Section 3(h), V.A.P.C., as it was in effect on the date of this offense in 1972, provided that it is unlawful "For any person at any time to have, or possess, a hypodermic syringe, needle, or any instrument adapted for the use of dangerous drugs by subcutaneous injections in a human being and which is possessed for that purpose, unless such possession is for the purpose of subcutaneous injections of a drug, or drugs, or medicine, the use of which is authorized by the direction of a licensed physician."

not constitute an offense under this Act, the action is dismissed on the effective date of this Act."

We construe Subsection (b), supra, according to its terms. It speaks of conduct under the law existing at the time of the commission of the offense, and conduct constituting an offense under the Controlled Substances Act.

In the trial, appellant plead guilty to the indictment, waived a jury, and entered into stipulations evidencing his guilt. The State introduced in evidence a Toxicology Report which established that the syringe and needle that appellant possessed had on them a quantity of heroin, a controlled substance.

Under the provisions of Subsection (b) of Section 6.01, supra, the conduct of the accused determines whether the alleged offense was an offense after the Controlled Substances Act became effective. See *Ambers v. State,* Tex.Cr.App., 527 S.W.2d 855 (1975); *Wright v. State,* Tex. Cr.App., 527 S.W.2d 859 (1975); *Rockwood v. State,* Tex.Cr.App., 524 S.W.2d 292. The proof established that his conduct was an offense under that Act. Hence, under the provisions of Subsection (a) of Section 6.01, supra, Art. 726d, Sec. 3(h), V.A.P.C., (1972), supra, was applicable in the instant case, and the indictment charging appellant with possession of narcotic paraphernalia under Art. 726d, Sec. 3(h), was a valid indictment. See *Saunders v. State,* Tex.Cr.App., 511 S.W.2d 281; *Jones v. State,* Tex.Cr.App., 502 S.W.2d 771.

Appellant's grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.