Henry MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 51185.

Court of Criminal Appeals of Texas.

Dec. 3, 1975.

John T. Boyce, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction of aggravated assault. Punishment was assessed at thirty days and a fine of $500.00.

The information alleges that appellant committed the offense of aggravated assault on Leonard W. Stout on January 14, 1972. The information also alleges that appellant was a person of "robust health and strength" and that Leonard W. Stout

was "an aged and decrepit person." The record does not contain the trial testimony. The sufficiency of the evidence is not challenged.

 Appellant contends that the trial court erred in refusing to dismiss the information pursuant to Section 6(b), Savings Provision of the new penal code. Section 6(b) provides:

"(b) Conduct constituting an offense under existing law that is repealed by this Act and that does not constitute an offense under this Act may not be prosecuted after the effective date of this Act. If, on the effective date of this Act, a criminal action is pending for conduct that was an offense under the laws repealed by this Act and that does not constitute an offense under this Act, the action is dismissed on the effective date of this Act. However, a conviction existing on the effective date of this Act for conduct constituting an offense under laws repealed by this Act is valid and unaffected by this Act. For purposes of this section, 'conviction' means a finding of guilt in a court of competent jurisdiction, and it is of no consequence that the conviction is not final."

The conduct proscribed by Article 1147, Section 4, V.A.P.C. (1925), also constitutes an offense under the assault section of the new penal code. Appellant's contention is overruled. See *Rockwood v. State*, 524 S.W.2d 292 (Tex.Cr.App.1975); *Wright v. State*, 527 S.W.2d 859 (Tex.Cr.App.1975); *Dockery v. State*, (No. 49,932, September 23, 1975); *Pesch v. State*, 524 S.W.2d 299 (Tex.Cr.App.1975).

 Appellant also contends that he should have been punished pursuant to V.T.C.A., Penal Code, Section 22.01(a)(2), or (a)(3), since the information did not allege "bodily injury."

He elected to be punished under the new code. The trial court assessed punishment at $500.00 fine and thirty days. The punishment was within the range provided by V.T.C.A., Penal Code, Section 22.01(a)(1). A similar question was presented in *Casey v. State*, 527 S.W.2d 882 (Tex.Cr.App.1975). This Court wrote:

"There is no question that the conduct alleged constituted an offense under the new code. See *Rockwood v. State*, 524 S.W.2d 292 (Tex.Cr.App.1975). So, the issue concerns the determination of what punishment to apply where the conduct possibly constitutes more than one offense as defined by the new code and those offenses have differing ranges of punishment.

"From the proof adduced during the guilt and punishment stages of the trial, the judge determines the applicable section, or sections (with appropriate instructions if the proof requires giving the jury a choice) of the new code and so charges the jury. By his election to be punished under the new code, a defendant agrees to such a method. The question then is whether the proof substantiates the judge's determination. *Ambers v. State*, 527 S.W.2d 855 (Tex.Cr.App. 1975). See *Wright v. State*, 527 S.W.2d 859 (Tex.Cr.App.1975), and *Jones v. State*, 502 S.W.2d 771 (Tex.Cr.App.1973)."

In the instant case the judge was required to review the evidence and assess punishment under the applicable section of the new penal code. The judgment recites that appellant "intentionally caused bodily injury to Leonard W. Stout." Absent a statement of facts or a transcription of the court reporter's notes, we must accept the statement in the judgment as true.

No error is shown. The judgment is affirmed.

ODOM, J., concurs in the result.