TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00586-CR







Cameron Dean McCullough, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0971495, HONORABLE JON N. WISSER, JUDGE PRESIDING







 Appellant Cameron Dean McCullough was convicted of the offense of possessing
more than one but less than four grams of cocaine. See Tex. Health & Safety Code Ann.
§§ 481.102(3)(D), 481.115(c) (West Supp. 1999). Appellant's punishment, enhanced by prior
felony convictions, was assessed by the trial court at imprisonment for six years. On appeal,
appellant asserts that the evidence is legally and factually insufficient and that the trial court erred
in admitting inadmissible evidence, in charging the jury, and in overruling objections to jury
argument. Finally, appellant complains that he did not have effective assistance of trial counsel. 
We will overrule appellant's points of error and affirm the trial court's judgment.

 In his first point of error, appellant contends that the evidence is legally insufficient
to support the jury's verdict. In reviewing the legal sufficiency of the evidence, the test is
whether, after viewing the evidence in the light most favorable to the prosecution, any rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887 S.W.2d 885, 888 (Tex. Crim.
App. 1994); Geesa v. State, 820 S.W.2d 154, 156 (Tex. Crim. App. 1991); Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988). To establish unlawful possession of a controlled
substance, the State must prove beyond a reasonable doubt that the defendant exercised care,
custody, control, and management over the contraband and that the defendant knew that the
substance being possessed was contraband. See Martin v. State, 753 S.W.2d 384, 387 (Tex.
Crim. App. 1988); Harmond v. State, 960 S.W.2d 404, 406 (Tex. App.--Houston [1st Dist.]
1998, no pet.); Hackleman v. State, 919 S.W.2d 440, 444 (Tex. App.--Austin 1996, pet. ref'd
untimely filed).

 On March 13, 1997, about dusk, Austin Street Narcotics Officers Sandra Scott and
Terry Scanlan were on patrol in the 1700 block of Burton Street in East Austin. Scanlan was
driving, and Scott was in the front passenger seat. The officers saw a red four-door car fail to stop
at a stop sign at the intersection of Burton and Woodland. Scanlan pulled behind the red vehicle,
activating the "take-down lights." When the lights were initiated, Scott observed appellant, who
was the front seat passenger, put his hand up to the front seat passenger window, which was
halfway down, and push out an orange pill bottle. Scott mentioned what she had seen to Scanlan
and looking over, Scanlan saw the bottle "on the road near the curb tumbling as if it had been
thrown." Both officers could see that there were three occupants in the car, two up front, and one
slouched down in the back. Both officers saw that the pill bottle, once it hit the ground, tumbled
in the same direction as the cars were headed.

 Scott knew from experience that persons carrying narcotics often throw them down
when they see an officer approaching, and that narcotics are often kept in orange pill bottles. 
Consequently, she kept an eye on the bottle as Scanlan pulled to a stop behind the red car. By the
time the patrol car came to a stop, it was just in front of the bottle. Realizing the bottle was
relatively safe, Scott accompanied Scanlan as he walked up to the red car. Scanlan went to the
driver's side; Scott went to the passenger's side.

 The officers had the three subjects step out of the vehicle, and secured them. At
that point, Scott went back to get the pill bottle. She looked inside the bottle and saw white flakes,
which she believed to be the residue of crack cocaine. No lid was apparent or later found. The
bottle did not have a prescription or any other label attached. As she secured the pill bottle, she
looked around. She immediately noticed a cube-shaped substance lying several feet from the
container. She believed the cube-shaped substance to be crack cocaine. She paced back to where
the bottle had originally hit the ground and found a trail of cubes, some along the rain gutter, and
some in the roadway that had been run over, in her opinion, by the patrol car.

 Because it had rained the day before, and some of the cubes were on top of a pile
of sand that had collected on the edge of the gutter, with no other debris on them, Scott deduced
that the cubes had not been there long, and that they had come from the pill bottle thrown out the
window. Scott seized the cubes and walked back to Scanlan, who was still with the three subjects. 
Scott told officer Scanlan what she had found and the officers then placed appellant, whom Scott
had seen throw the bottle, under arrest. The driver identified himself as Grant James and the back
seat passenger identified himself as Dante Davis. Dante Davis was an alias; Dante Davis was
actually Martin Bradshaw.

 James and Bradshaw were released, and the officers took appellant to the police
station. Scott put the cubes into a narcotics vault. The bottle was turned over for fingerprint
testing, and though a latent print was picked up from the bottle, it lacked sufficient characteristics
to make an identification. The cubes were turned over for chemical testing, and the cubes were
found to be crack cocaine, with a weight of 1.38 grams.

 Bradshaw was granted immunity from prosecution and testified as a State's witness. 
He did not see appellant throw the medicine bottle from the car. He was watching the officers
through the back window. While in the same car two hours before they were stopped by the
officers, Bradshaw saw appellant in possession of some white cube-shaped objects that Bradshaw
believed to be crack cocaine.

 Would the evidence, viewed in the light most favorable to the prosecution, support
the conclusion that appellant exercised care, control, and management over the cocaine and that
he knew the substance he possessed was cocaine? When the officers activated their "take down
lights," while driving behind a slow moving car, Officer Scott saw appellant throw a medicine
bottle from the car. Officers Scott and Scanlan saw the bottle tumble to a stop at the side of the
road. Scott found the bottle had no top but contained white flakes that she, an experienced
narcotics officer, believed to be cocaine. Nearby, she found a trail of white cube-shaped rocks
that she believed were crack cocaine. A later chemical analysis confirmed her belief. It had
rained the day before and the cocaine rocks were found on top of sand unmarked by debris. The
condition of the cocaine rocks, located near the bottle, showed they had been where they were
found only a short time. Two hours earlier, appellant had been seen in possession of similar cube-shaped objects that the witness Bradshaw believed to be cocaine. It may be reasonably inferred
that the reason appellant threw the bottle from the car when the police were approaching was to
avoid having the cocaine found on his person. From these facts, a rational trier of fact could find
beyond a reasonable doubt that appellant had the care, control and management of the cocaine and
therefore possessed the cocaine found by the officers and that appellant knew that he possessed
cocaine. We find the evidence is legally sufficient to support the jury's verdict and overrule
appellant's first point of error.

 Next, we will consider appellant's second point of error in which he insists the
evidence is factually insufficient to support his conviction. In reviewing the factual sufficiency
of the evidence, we view all of the evidence "without the prism of the light most favorable to the
prosecution." See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State,
823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed). In performing a
factual sufficiency review, appellate courts are required to give deference to the jury's verdict and
examine all of the evidence impartially, setting aside the jury verdict "only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust." Cain v. State, 958
S.W.2d 404, 410 (Tex. Crim. App. 1997) (quoting Clewis, 922 S.W.2d at 129).

 In his defense, appellant called three witnesses. Grant James, appellant's cousin,
drove the car stopped by the police officers. James testified that: He stopped his car at a stop sign
and noticed a police car following him. The officer stopped him. Although he was in the front
seat, James did not see appellant throw a bottle from the car. He could not have seen the backseat
passenger throw a bottle from the car. It was difficult to see through the darkly-tinted back
window of his car. It was getting so dark at the time he was stopped that he had turned on his
headlights. James admitted the headlights of the police car were not turned on. James took part
in defense counsel's staged re-enactment of the events related to the stopping of his car. Part of
James' testimony was based on the staged re-enactment of events.

 Lisa Gainer testified that sometime before the trial she had taken part in defense
counsel's staged re-enactment of the stopping of James' car. She testified that the purpose of the
staged re-enactment was to determine "whether or not a medicine bottle that was thrown out the
window could be seen by a car following behind. . . . We did it several times going at different
speeds at different times during the evening; before sunset, at sunset. We just did it several times,
and as far as I could tell I couldn't see anything. You really couldn't tell which hand he used to
throw the pill bottle out the window, which window he used, the front or the rear window."

 Marisa Alcocer testified that she also played a part in defense counsel's staged
re-enactment of the stopping of James' car. She testified: "Well, we just drove in the car behind
[defense counsel] to see if we could see something being thrown out a window and see what hand
was shown and around--it was around dusk, I believe . . . just to see if we could see what window
it was being thrown out of and what hand. That was the experiment. . . . Well I thought I could
see some--when he was sitting in the front seat, it looked like he had tossed it out the back."

 The defense testimony shows the staged re-enactment was made in dissimilar
circumstances and in a different part of the city than the place and circumstances of appellant's
arrest. An attempt to video-tape the re-enactment had been unsuccessful. Defense counsel
vigorously cross-examined the police officers on all aspects of their testimony especially their
ability to see which passenger in the car threw the medicine bottle from the car.

 Examining all of the evidence impartially and giving deference to the jury's verdict,
we conclude that the jury's verdict is not so contrary to the overwhelming weight of the evidence
as to be clearly wrong or unjust. We hold that the evidence is factually sufficient to support the
jury's verdict and overrule appellant's second point of error.

 In his third, fourth, and fifth points of error, appellant complains that the trial court
disregarded Texas Rules of Evidence 402, 403, and 404(b) and erred in admitting in evidence
other crimes, wrongs, and acts. In these points of error appellant argues that Bradshaw's
testimony showed another crime, but in other points he contends Bradshaw's testimony did not
show appellant possessed cocaine two hours before he was arrested. Bradshaw, after being
granted immunity from prosecution, testified as a State's witness. Bradshaw gave an affirmative
answer to the question:  "Two hours before the police stopped you, you saw [appellant] with some
white cubed-shaped or rock-shaped substances you believe to be cocaine in the same car that you
were stopped in by police, didn't you?" Appellant made no objection to this question and answer,
but before this question was asked, appellant objected to the prior question on grounds that the
witness did not "know what somebody else had or didn't have." The trial objection does not
comport with appellant's complaint on appeal. Therefore, the error claimed on appeal was not
preserved for appellate review. See Camacho v. State, 864 S.W.2d 524, 533 (Tex. Crim. App.
1993); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). However, even if the
claimed error had been preserved for review by a trial objection comporting with the error claimed
on appeal, the trial court's admission of the testimony would not have presented error. "An
extraneous offense is defined as an act of misconduct . . . that is not shown in the charging
papers." Rankin v. State, 953 S.W.2d 740, 741 (Tex. Crim. App. 1996). "An extraneous offense
is one that is extra, beyond, or foreign to the offense for which the party is on trial." Ridinger
v. State, 174 S.W.2d 319, 320 (Tex. Crim. App. 1943); McDonald v. State, 692 S.W.2d 169, 173
(Tex. App.--Houston [1st Dist.] 1985, pet. ref'd). When the offense is one continuous
transaction, proof of all of the facts is proper. Buford v. State, 481 S.W.2d 133, 135 (Tex. Crim.
App. 1972); Tinsley v. State, 461 S.W.2d 605, 608 (Tex. Crim. App. 1971). "A continuing
offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated
by an unintermittent force, however long a time it may occupy." United States v. Pomranz, 43
F.3d 156, 159 n.3 (5th Cir. 1995).

 If we construe Bradshaw's testimony as evidence of a crime as appellant claims in
this point of error, it was not an uncharged or extraneous crime; it was the offense charged and
for which appellant was on trial. Appellant's possession of cocaine two hours earlier and at the
time of his arrest was a continuing act, "an act that is clearly 'shown in the charging papers.'"
Rankin, 953 S.W.2d at 741. Appellant's third, fourth, and fifth points of error were not properly
preserved in the trial court for appellate review and are overruled.

 In points of error six and seven, appellant contends that the trial court erred by
overruling his objections to the State's jury argument because that argument implied defense
counsel had engaged in improper conduct thus striking at appellant over counsel's shoulder. The
first argument complained of and the objection follows:


First I want to talk about reasonable doubt. That's probably one of the most
important things defined in the charge that the Judge just read to you and proving
it beyond a reasonable doubt is the burden that the State must meet. The State
accepts its burden gladly or we wouldn't all be here today. And, you know,
[defense counsel] has tried to make it seem like proof beyond a reasonable doubt
is some impossible standard. Well --


[Defense counsel]: Objection, Your Honor. I think that's an unfair
characterization of the voir dire, and I think it's unnecessary to refer to me
personally.


THE COURT: We'll overrule the objection.


[Prosecutor]:  In her voir dire [defense counsel] tried to make it seem like an
insurmountable burden, but it is not an impossible burden because people are found
guilty in this courthouse every day. Guilt is proven beyond a reasonable doubt
every day in this very courthouse. It's not impossible.



Appellant's trial objection does not comport with appellant's complaint on appeal thus the error
claimed was not preserved for appellate review. However, we find the prosecutor's argument was
not objectionable. The prosecutor's explanation of reasonable doubt and his contrasting it with
defense counsel's explanation is legitimate argument.

 The second argument complained of and the objection follow:


And [defense counsel] was talking about lawyer's tricks going on in here, and the
only lawyer's trick going on here is conducting an experiment without the same
conditions and expecting you to believe that that tells you what could or could not
be seen on the day in question. You know that there could be a lot of variations
in what you can see depending on the kind of car, the location, and yet she didn't
try to recreate that. She just did it in whatever conditions --


[Defense counsel]:  Objection, Your Honor. Counsel can't possibly know what I
tried to do.


THE COURT:  Overrule the objection.


[Prosecutor]:  She just did it in whatever conditions, and when it came out showing
what she wanted to show, she brought it to you and brought testimony to court.



Again appellant's trial objection is not the same as his objection on appeal. The error claimed was
not preserved for appellate review. Furthermore, the prosecutor's argument was a legitimate
comment about the evidence and was in answer to defense counsel's argument. Appellant's points
of error six and seven are overruled.

 In his eighth point of error, appellant declares that the trial court committed
fundamental error in failing to instruct the jury that Bradshaw was an accomplice witness either
as a matter of law or fact.


An accomplice is someone who participated with another before, during or after
the commission of a crime. Kunkle v. State, 771 S.W.2d 435, 439 (Tex. Crim.
App. 1986), cert. denied, 492 U.S. 925, 109 S. Ct. 3259, 106 L. Ed. 2d 604
(1989). Brooks v. State, 686 S.W.2d 952, 957 (Tex. Crim. App. 1985). One is
not an accomplice witness, however, who cannot be prosecuted for the offense with
which the accused is charged. Kunkle, 771 S.W.2d at 439; Carrillo v. State, 591
S.W.2d 876, 882 (Tex. Crim. App. 1979).


When the evidence clearly shows that a witness is an accomplice witness as a
matter of law, the trial court must so instruct the jury. Harris v. State, 645 S.W.2d
447, 454 (Tex. Crim. App. 1983). If the witness is not an accomplice witness, no
instruction need be given. Id. at 456. But where there is a conflict in the evidence,
a doubt as to the witness' status as an accomplice witness, the court should then
submit to the jury the fact issue of the witness's status and instruct the jury not to
consider the witness' uncorroborated testimony if it finds that the witness was an
accomplice witness. Id.; Carrillo, 591 S.W.2d at 882.


That a witness was present when the crime was committed does not alone make him
an accomplice witness. Brooks v. State, 686 S.W.2d at 957; Easter v. State, 536
S.W.2d 223, 225 (Tex. Crim. App. 1976). Furthermore, a witness is not deemed
an accomplice witness because he knew of the crime but failed to disclose it or even
concealed it. Kunkle, 771 S.W.2d at 439; Russell v. State, 598 S.W.2d 238, 249
(Tex. Crim. App. 1980). If a State's witness has no complicity in the offense for
which an accused is on trial, his testimony is not that of an accomplice witness,
whatever may have been his complicity with the accused in the commission of other
crimes. Gamez v. State, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987); Sheffield
v. State, 847 S.W.2d 251, 258 (Tex. App.--Tyler 1992, pet. ref'd).



Navarro v. State, 863 S.W.2d 191, 201 (Tex. App.--Austin 1993, pet. ref'd).

 The record in this case shows no conflict concerning Bradshaw's possession of
cocaine; there is simply no testimony that Bradshaw possessed cocaine. At most, the evidence
merely shows that Bradshaw was in the same car with appellant who possessed cocaine. Because
the evidence does not raise an accomplice witness issue, the trial court did not err in failing to
charge the jury concerning accomplice witness testimony. Moreover, trial counsel's failure to
request such a charge cannot be faulted. Appellant's eighth point of error is overruled.

 In his ninth and tenth points of error, appellant asserts that he was denied the
effective assistance of trial counsel in violation of his federal and state constitutional rights. 
Appellant lists eight examples that he argues demonstrates trial counsel's ineffectiveness. These
examples include counsel's failure to request an accomplice witness jury charge, to object to the
prosecutor's jury argument, to object to the admission of inadmissible evidence, and to offer
certain evidence in appellant's defense. We have already discussed these matters and held that
trial counsel could not be faulted for failure to request an accomplice witness charge, failure to
object to jury argument, and failure to object to the admission of evidence.

 "In most instances, the record on direct appeal is inadequate to develop an
ineffective assistance claim." Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997);
Ex parte Duffy, 607 S.W.2d 507, 512-13 (Tex. Crim. App. 1980); see also Oldham v. State, 977
S.W.2d 354, 363 (Tex. Crim. App. 1998); Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim.
App. 1998). "Hence, in most ineffective assistance claims, a writ of habeas corpus is essential
to gathering the facts to adequately evaluate such claims." Ex parte Torres, 943 S.W.2d at 475.

 Appellate counsel in this case was not appointed until after appellant's motion for
new trial was overruled. There is no evidence in the record directly concerning the issue of trial
counsel's ineffectiveness. On the record before us, appellant has failed to overcome the
presumption that trial counsel was acting effectively at all times. See Oldham, 977 S.W.2d at 363. 
Appellant's ninth and tenth points of error are overruled.

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally*

Affirmed

Filed: May 20, 1999

Do Not Publish






























* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



ave been his complicity with the accused in the commission of other
crimes. Gamez v. State, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987); Sheffield
v. State, 847 S.W.2d 251, 258 (Tex. App.--Tyler 1992, pet. ref'd).



Navarro v. State, 863 S.W.2d 191, 201 (Tex. App.--Austin 1993, pet. ref'd).

 The record in this case shows no conflict concerning Bradshaw's possession of
cocaine; there is simply no testimony that Bradshaw possessed cocaine. At most, the evidence
merely shows that Bradshaw was in the same car with appellant who possessed cocaine. Because
the evidence does not raise an accomplice witness issue, the trial court did not err in failing to
charge the jury concerning accomplice witness testimony. Moreover, trial counsel's failure to
request such a charge cannot be faulted. Appellant's eighth point of error is overruled.

 In his ninth and tenth points of error, appellant asserts that he was denied the
effective assistance of trial counsel in violation of his federal and state constitutional rights. 
Appellant lists eight examples that he argues demonstrates trial counsel's ineffectiveness. These
examples include counsel's failure to request an accomplice witness jury charge, to object to the
prosecutor's jury argument, to object to the admission of inadmissible evidence, and to offer
certain evidence in appellant's defense. We have already discussed these matters and held that
trial counsel could not be faulted for failure to request an accomplice witness charge, failure to
object to jury argument, and failure to object to the admission of evidence.

 "In most instances, the record on direct appeal is inadequate to develop an
ineffective assistance claim." Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997);
Ex parte Duffy, 607 S.W.2d